STATE ex rel. GARZA et al. v. RODRIGUEZ, County Judge, et al.

No. 11870.

Court of Civil Appeals of Texas. San Antonio.

Sept. 29, 1948.

Frank B. Lloyd, of Alice, H. P. Guerra, Jr., of Rio Grande City, and Hill & Lochridge, of Mission, for appellants.

Lyman & Pitmen, of Corpus Christi, A. J. Vale, of Rio Grande City, and L. Hamilton Lowe, of Austin, for appellees.

MURRAY, Justice.

This is a quo warranto proceeding brought by the State of Texas acting through Frank B. Lloyd, District Attorney, and H. P. Guerra, Jr., County Attorney of Starr County, Texas, upon the relation of two taxpayers and residents of San Isidro Common School District No. 3 of Starr County, to test the legality of the proceedings whereby said Common School District was converted into San Isidro Independent School District, with the same metes and bounds as the Common School District No. 3. The respondents are the County Judge of Starr County and seven trustees of the purported new independent school district.

The cause was transferred from Starr County to Nueces County upon a change of venue and, upon trial before the court without a jury, judgment was rendered that the State of Texas and relators take

nothing, from which judgment of State of Texas and relators have prosecuted this appeal.

The facts are all stipulated and only questions of law are presented in this appeal.

■ The attempt to incorporate San Isidro Independent School District was under the provisions of Art. 2757 and Art. 2758, R.S., as amended by Chapter 238, Acts 40th Leg., Regular Session, p. 353, Vernon's Ann.Civ.Stats., Arts. 2757 and 2758. It is contended that this amendatory act is void and unconstitutional, in that the caption of the act was misleading and violated Sec. 35, Article III, of the Texas Constitution, Vernon's Ann.St. The caption reads as follows:

"An Act to amend Articles 2757 and 2758, Revised Civil Statutes of Texas of 1925, relating to the formation of independent school districts and the election of a board of trustees thereof, and declaring an emergency."

We cannot agree that this caption fails to meet the requirments of Sec. 35, Article III of the Texas Constitution, rendering the amendatory act void and unconstitutional.

■■ Arts. 2757 and 2758, as so amended, have been before the appellate courts on several occasions and in each instance the amendatory act has been given effect, without any question having been raised as to its validity or constitutionality. Cameron v. Baker, Tex.Civ.App., 13 S.W. 2d 119; Baker v. State, Tex.Civ.App., 26 S.W.2d 324; State v. Baker, 120 Tex. 307, 40 S.W.2d 41. This fact, of course, does not preclude the raising of the question at this time. All that is required of a caption to an act is that it state the general purpose. This gives notice that all related and incidental matters may be contained in the body of the act. Johnson v. Martin, 75 Tex. 33, 12 S.W. 321; Doeppenschmidt v. International & G. N. Ry. Co., 100 Tex. 532, 534, 101 S.W. 1080; Missouri, K. & T. Ry. Co. v. State, 102 Tex. 153, 113 S.W. 916; Breen v. Texas & P. Ry. Co., 44 Tex. 302, 306; Giddings v. San Antonio, 47 Tex. 548, 556, 26 Am.Rep. 321; State v. Parker, 61 Tex. 265.

■ The purpose of the Constitutional requirement is to reasonably apprise the Legislature of the contents of the Act, and it should by no means be as long as the Act itself. San Antonio & A. P. Ry. v. State, 128 Tex. 33, 95 S.W.2d 680.

■ Appellants next contend that Chapter 238, Acts 40th Leg., Regular Session, p. 353, was repealed by Section 13 of Chapter 84, p. 233, of the Acts of the 40th Legislature, First Called Session. This section provided for the repeal of all laws in conflict with provisions of Chapter 84. The only section of Chapter 238 that could possibly be in conflict with Chapter 84 is Section 5. Section 5 was held to be unconstitutional and void by the Texas Commission of Appeals in Pyote Independent School District v. Dyer, 34 S.W.2d 578. An unconstitutional statute does not repeal existing valid statutes. Cooley's Constitutional Limitations, Vol. 1, p. 378; Venn v. State, 85 Tex.Cr.R. 151, 210 S.W. 534; Galveston & W. Ry. Co. v. City of Galveston, 96 Tex. 520, 74 S.W. 537.

■■ Appellants next contend that the passage by the 50th Legislature at its regular session in 1947 of Chapter 311, also referred to as Art. 2742j, Vernon's Ann. Civ.Stats., repealed Arts. 2757 and 2758, insofar as changing common school districts maintaining a first-class high school of twelve (12) grades, offering sixteen (16) or more credits, is concerned. It is agreed that the common school district here involved did maintain a first-class high school of twelve (12) grades, offering sixteen (16) or more credits, and it is also agreed that this common school district has 700 or more inhabitants. To hold that Arts. 2757 and 2758 have been repealed to the extent mentioned would be to favor repeal by implication, which should never be done where the acts can be harmonized and effect given to each.

■ It is clear that a common school district having less than 700 inhabitants cannot be converted into an independent school district, under the provisions of Arts. 2757 and 2758, but if such district maintains a first-class high school of twelve grades, offering sixteen or more credits, then it may be incorporated into

an independent school district under the provisions of Art. 2742j, Vernon's Ann. Civ.Stats., as now amended. If a common school district has both a first-class high school of twelve grades, offering sixteen or more credits, and more than 700 inhabitants, it may incorporate into an independent school district under the provisions of either Arts. 2757 and 2758, Vernon's Ann. Civ.Stats., or under the provisions of Art. 2742j, Vernon's Ann.Civ.Stats. Thus meaning is given to both provisions and there is no conflict.

The judgment of the trial court is affirmed.