**RODRIGUEZ, County Judge of Starr County, v. RICHMOND et al.**

**No. 12157.**

Court of Civil Appeals of Texas.
San Antonio.

Oct. 25, 1950.

Rehearing Denied Nov. 22, 1950.

A. J. Vale, Rio Grande City, U. S. Algee, M. J. Raymond, Laredo, L. Hamilton Lowe, Austin, for appellant.

Gerald Weatherly, Corpus Christi, Hill, Lochridge & King, Mission, for appellees.

POPE, Justice.

This is a mandamus suit brought by appellees to compel an election for the incorporation of an independent school district and for the election of trustees under Articles 2757 and 2758, Vernon's Ann.Civ. Stats. From a judgment granting the mandamus, appellant has appealed.

Appellees, Aristeo Richmond and others, on February 25, 1950, presented to M. J. Rodriguez, in his capacity as County Judge of Starr County, a petition tracking the requirements. of Articles 2757 and 2758, Vernon's Ann.Civ.Stats., asking that an election be called to convert Common School District No. 1 of Starr County into an independent school district, and also asking for an election of seven trustees. On March 1st, the County Judge ordered an election under the provisions of Article 2742j, Vernon's Ann.Civ.Stats., and in his order found, as an additional fact, that within Common School District No. 1, there was a first-class high school of twelve grades, offering sixteen or more credits as defined by law. The existence of such a school is essential to an election called under the provisions of Article 2742j, but is not required under Articles 2757 and 2758. Appellees' petition for election contained no statement concerning the existence of such a school. The order called for no election of the seven trustees who had petitioned for a place on the ballot. The order did find that the petition presented by appellees was sufficient and that the facts presented in its support were true. No other petition was before the County Judge at the time he made his order. During all of these proceedings the named defendant was the County Judge of Starr County.

The order thus made by the County Judge included the matter of the existence of the first-class school, which was not within the petition for election; and yet it excluded the matter pertaining to the election of the seven trustees which was included in the petition.

On March 14th, appellees filed this mandamus suit praying that the County Judge be compelled to order an election in accord with their petition, and the seven men who petitioned that their names be placed on the ballot prayed that the County Judge be compelled to cause their names to be placed on the ballot as candidates for trustees.

Appellant's answer was in the form of a denial of arbitrary action, and an affirmative allegation that after the presentation of the election petition, he found as a fact that there existed within Common School District No. 1, a first-class high school, as provided in Art. 2742j. Appellees excepted to the affirmative allegation on the ground that the petition for the election, as filed by appellees, did not invoke the jurisdiction of the County Judge to make such a finding under Article 2742j. The trial court sustained this exception. After trial, judgment was rendered granting the mandamus and decreeing that the order calling an election under Article 2472j be rescinded and that an election be called under Articles 2757 and 2758.

Appellant challenges the validity of the mandamus granted against the County Judge, since he was not sued in his individual capacity. The plaintiffs' original petition was directed to "M. J. Rodriguez, in his official capacity as county judge of Starr County, Texas." This was the defendant who answered. No exception, plea in abatement, or other question was raised as to the capacity of the defendant to be sued until after appeal had been perfected. Appellant's contention is supported by the case of City of Beaumont v. Stephenson, Tex.Civ.App., 95 S.W.2d 1360, decided in 1936. Giving effect to the Texas Rules of Civil Procedure, we do not feel that this case is now controlling. We hold that the wording of Rule 358, T.R.C.P., contemplates that a named public officer in a mandamus suit may be made a party in his official capacity. Moreover, under the provisions of Rule 90, T.R.C.P., such a defect has been waived, since the manner of reaching a defect as to the capacity of the defendant is by verified pleading. Rule 93, T.R.C.P. In any event, we do not feel

that it is fundamental error. Kendall v. Johnson, Tex.Civ.App., 212 S.W.2d 232.

 Appellant also assigns as error the court's ruling on the special exception. The order in effect is a holding by the trial court that the county judge was not possessed of power to order any election other than the one sought by the petition presented by appellees. Appellant urges that Article 2742j empowered him to choose whether to order an election under that article or under Articles 2757 and 2758. State ex rel. Garza v. Rodriguez, County Judge, Tex.Civ.App., 213 S.W.2d 877, holds that the passage of Article 2742j did not repeal the other two articles, and that the two methods of commencing an election exist side by side. That case does not decide that the official ordering an election may choose between the two methods of commencing an election. These statutes provide two methods for commencing such an election as is here involved. One method permits an election of the school trustees, while the other method permits their appointment. The requirements of the petition for election are different in the two methods provided.

The power to call such an election at all comes into being only upon the filing and acceptance of a proper petition. Garrett, County Judge, et al. v. Unity Common School Dist., Tex.Civ.App., 211 S.W.2d 238; Coffee v. Lieb, Tex.Civ. App., 107 S.W.2d 406; Huff v. Preuitt, Tex.Civ.App., 53 S.W. 844; McElroy v. State, 39 Tex.Cr.R. 529, 47 S.W. 359. The petition which vested this power also defines that power. The power conferred in this instance was the power to call an election under Articles 2757 and 2758. Accord, Wichita Common School Dist. No. 11 v. Dickens Independent School Dist. of Dickens County, Tex.Civ.App., 206 S.W.2d 885; Lynn County School Board v. Garlynn Common County Line School Dist., Tex. Civ.App., 118 S.W.2d 1070; State ex rel. George v. Baker, 120 Tex. 307, 40 S.W.2d 41.

Since there was no petition presented to the County Judge other than the one presented by appellees, and in the complete absence of an election petition conforming to Article 2742j, we see no error in the trial court's order sustaining the exception. The judgment is affirmed.

## On Motion for Rehearing.

By motion for rehearing, appellant urges reversal of the cause because costs were taxed against respondent individually. We do not so construe the judgment of the trial court, but do reform the judgment to make clear that costs are taxed against the respondent sued, and against whom the judgment was rendered. As stated in the original opinion, the respondent was M. J. Rodriguez in his official capacity as County Judge of Starr County. He was sued in his official and not in his individual capacity. Costs are adjudged against him in his official capacity rather than in his individual capacity. 20 C.J.S., Costs, § 116. The motion for rehearing is otherwise overruled.