IN THE SUPREME COURT OF TEXAS

NO. B-9727

H. T. VONDY,                          §
                                      §
          Petitioner                  §
                                      §
v.                                    §          FROM UVALDE COUNTY
                                      §
COMMISSIONERS COURT OF UVALDE         §          ELEVENTH DISTRICT
     COUNTY, TEXAS, et al.,           §
                                      §
          Respondents                 §

This is an appeal from a mandamus action. Petitioner H. T. Vondy, the duly elected constable of Precinct 6 in Uvalde County, sought a writ of mandamus against the Commissioners Court of Uvalde County and four of its five members, County Judge J. R. White, Commissioners Gene Isle, Gilbert Torres, and Norment Foley, to compel them to set a reasonable salary for Vondy's office. One commissioner, Woodrow Head, was not named as a party, but no objection was made to his absence in the trial court. The trial court entered judgment denying Vondy relief. The court of civil appeals vacated the trial court's judgment and dismissed the cause, holding the failure to join Commissioner Woodrow Head was fundamental error. 601 S.W.2d 808. We reverse the judgment of the court of civil appeals and remand the cause to the trial court for further proceedings consistent with this opinion.

Two issues are presented in this appeal: first, was it fundamental error to omit Commissioner Head, individually, as a respondent in Vondy's petition for writ of mandamus; second, is it the duty of the county commissioners court to set a reasonable salary for its duly elected constables?

Vondy was elected to the office of constable, Precinct 6, Uvalde County, Texas on November 4, 1978, and took his oath of office on January 17, 1979. Vondy appeared before the

commissioners court requesting that a salary be set for his office. The commissioners other than Head, voted not to set a salary for Vondy. Vondy then petitioned the district court for a writ of mandamus against the commissioners court and each of the commissioners, individually, except Head. The trial court denied Vondy any relief. The failure of Vondy to name Head in his petition was not brought up before the district court by any type of plea or as a point of error before the court of civil appeals. The court of civil appeals, on its own motion, held that Commissioner Head's absence from the mandamus petition was fundamental error since he was an indispensable party to the suit, citing <u>Gaal v. Townsend</u>, 77 Tex. 464, 14 S.W. 365 (1890). The court of civil appeals then dismissed the cause.

Vondy contends that the commissioners court must fix a reasonable salary for him pursuant to TEX. REV. CIV. STAT. ANN. art. 3883i §1 (Vernon's 1971), which provides:

> Section 1. That in each county in the State of Texas having the population of less than twenty thousand (20,000) inhabitants according to the last preceding federal census where all county and district officials are compensated on a salary basis, the Commissioners Court shall fix the salaries of the officials named in this Act at not more than Six Thousand, Seven Hundred and Fifty Dollars ($6,750) per annum; provided, however, that no salary shall be set at a figure lower than that actually paid on the effective date of this Act.[1]

Vondy argues that Head was not an indispensable party because Head was willing to comply with the statute in this dispute. The commissioners argue that Woodrow Head was an indispensable party and the failure of Vondy to name Head individually in his petition was fundamental error.

---

[1] All statutory references are to Texas Revised Civil Statutes Annotated.

Rule 39, TEX. R. CIV. P., governs the joinder of parties to a lawsuit. The present rule was completely rewritten in 1970 to remedy much of the confusion and criticism leveled at prior Rule 39. See Dorsaneo III, Compulsory Joinder of Parties in Texas, 14 Hou. L. R. 345, 359 (1977). Present Rule 39 provides in part:

Rule 39. Joinder of Persons Needed for Just Adjudication

(a) Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or other inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a) (1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties, second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

Prior to the enactment of the present rule, the courts drew a distinction between necessary and indispensable parties.[2]

---

[2] Prior Rule 39 provided in part:

Necessary Joinder of Parties.

(a) Necessary joinder. Except as otherwise

(cont.)

In _Petroleum Anchor Equipment, Inc. c. Tyra_, 406 S.W.2d 891
(1966), this court interpreted prior Rule 39. We stated that
the language of Rule 39(a), when properly interpreted, consti-
tuted the rule's definition of "indispensable" parties whose
joinder in the trial court is essential to the court's juris-
diction. Therefore, if a person were truly indispensable,
it would be fundamental error to proceed in his absence. Id.
at 892.

In 1970, using Federal Rule 19 as its source, this
court completely changed Rule 39. Then, in _Cooper v. Texas
Gulf Industries, Inc._, 513 S.W.2d 200 (Tex. 1974), we reviewed
the new rule. There, the spouses acting together bought
realty which was conveyed to both of them. The husband sued
the grantor to rescind the transaction in 1970. The wife was
not a party to the suit. The husband's suit was later dismissed

---

Footnote 2 (cont.)

provided in these rules, persons having a joint
interest shall be made parties and be joined as
plaintiffs or defendants. When a person who should
join as a plaintiff refuses to do so, he may be
made a defendant or, in proper cases, an in-
voluntary plaintiff.

(b) Effect of failure to join. When persons
who ought to be parties if complete relief is to
be accorded between those already parties, have
not been made parties and are subject to the
jurisdiction of the court, the court shall order
them made parties. The court in its discretion
may proceed in the action without making such
persons parties, if its jurisdiction over them
can be acquired only by their consent or voluntary
appearance; but the judgment rendered therein
shall not affect the rights or liabilities of
persons who are not parties.

(c) Names of omitted persons and reasons for
non-joinder to be pleaded. In any pleading in which
relief is asked, the pleader shall set forth the
names, if known to him, of persons who ought to
be parties, if complete relief is to be accorded
between those already parties, but who are not
joined, and shall state why they are omitted.

with prejudice. Subsequently, in 1971, a suit for similar relief was brought by the husband and wife jointly. The grantor sought summary judgment on the basis of res judicata, asserting that both the husband and wife were bound by the prior judgment. We held that the judgment of dismissal was res judicata as to the claims of the husband in the second suit. We pointed out that prior to the enactment of new Rule 39, failure to join the wife would be jurisdictional, but stated: "[T]oday's concern is less that of the jurisdiction of a court to proceed and is more a question of whether the court ought to proceed with those who are present." We then observed: "under the provisions of our present Rule 39 it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined."

To determine whether a party is jurisdictionally indispensable under Rule 39 the surrounding facts and circumstances of each case must be examined. In the present case, the facts fail to warrant a finding that Commissioner Head was truly an indispensable party under our interpretation of Rule 39 TEX. R. CIV. P. This is not a situation where a judgment would adversely affect the interests of absent parties who had no opportunity to assert their rights in the trial court. See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 110, 126, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). Here, the interests of all the parties could be adjudicated and complete relief given. Further, the remaining commissioners would not be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations due to the absence of Commissioner Head. We conclude, therefore, that because Head was not an indispensable party to the proceeding, the nonjoinder of Head was not fundamental error.

-5-

The commissioners contend that the rules relating to indispensable parties are modified in this case because this is a mandamus action. They rely on Gaal v. Townsend, supra, which involved an action to procure a writ of mandamus to compel the county judge to permit the appellant to perform his duties as a county commissioner. The other members of the commissioners court were not made parties to the suit. We stated: "When the performance of a duty is sought to be compelled by the writ of mandamus, all persons charged with the performance of that duty must be made parties defendant in the writ."

Part of the rationale behind the Gaal v. Townsend decision was that only a majority of the commissioners could permit the appellant to perform his duties as a county commissioner. We stated:

> The other members of the [commissioners] court, not being parties to the writ, could not be affected by any judgment that might be rendered, and could not be held in contempt for refusing to admit the plaintiff to act as a member, although this court should in this suit declare him entitled to the office, and command the defendant Townsend to admit him as such. It is clear that a mandamus should not issue to compel the county judge to do an act which could only be performed with the consent of others.

In the present suit three of the four commissioners and the county judge were made parties individually. The commissioners court itself was also named. Therefore, the reasoning of Gaal v. Townsend is not applicable in the present situation.

Further, the fact that the commissioners court itself was named in the petition distinguishes this cause from Gaal v. Townsend under the holding in Rodriquez v. Richmond, 234 S.W.2d 248 (Tex.Civ.App. -- San Antonio 1950, writ ref'd). That case involved a mandamus suit brought against the county judge to compel an election for the incorporation of an independent school district for the election of trustees. The county judge was not sued in his individual capacity but rather in his

official capacity as county judge. No question was raised as to the capacity of the county judge until after appeal had been perfected. The court of civil appeals held that the Texas Rules of Civil Procedure were now controlling and disavowed the early case of City of Beaumont v. Stephenson, 95 S.W.2d 1360 (Tex.Civ.App. -- Beaumont 1936, writ ref'd n.r.e.). In Stephenson, the court had held that officers acting in their personal capacities in refusing to perform a duty are necessary parties in those capacities. The Rodriguez court interpreted Rule 358, TEX. R. CIV. P., as providing that a named public officer in a mandamus suit may be made a party in his official capacity.[3] Further, since Rule 93 required that the lack of capacity of a party defendant to be sued must be raised by verified pleading, defendant's failure to do so constituted a waiver under Rule 90. The failure to name the county judge in his personal capacity was specifically held to not be fundamental error. Id. at 250.

We think the reasoning in Rodriquez is correct. Mandamus is a legal proceeding and although extraordinary, the Rules of Civil Procedure are applicable. The commissioners court was officially named although Commissioner Head was not named individually. The commissioners did not point out any defect

---

[3] Rule 358 TEX. R. CIV. P. provided in part:

> (a) When a suit in mandamus or injunction is brought against a person holding a public office, in his official capacity, and after final trial and judgment in the trial court, and notice of appeal to the Court of Civil Appeals or Supreme Court has been given, if such person should vacate such office, the suit shall not abate, but his successor may be made a party thereto by a motion showing such facts. (emphasis added) (This rule was amended in 1976 to eliminate the reference to notice of appeal as an appellate step.)

in Vondy's petition relating to the omission of Commissioner Head and the capacity in which the commissioners court was sued. The failure to name Head individually in this mandamus action was not fundamental error. Gaal v. Townsend, supra, was decided long before the present Rules were enacted and is not controlling.

Consequently, Vondy's failure to join all four county commissioners was not fundamental error. Since the commissioners court did not raise the point, the court of civil appeals should not have dismissed the case, but should have considered the merits of Vondy's mandamus action against the commissioners.

We now turn to the question of the duty of the commissioners court to set a reasonable salary for the position of constable. The Texas Constitution art. XVI §61 (amended 1972) provides in part as follows:

> In all counties in this State, the Commissioners Courts shall be authorized to determine whether precinct officers shall be compensated on a fee basis or on a salary basis, with the exception that it <u>shall be mandatory upon the Commissioners Courts, to compensate all</u> justices of the peace, <u>constables</u>, deputy constables and precinct law enforcement officers <u>on a salary basis</u> beginning January 1, 1973; . . . . (emphasis added)

Thus, it is mandatory that the commissioners court compensate constables on a salary basis.

The commissioners court argues that this constitutional provision only requires the court to compensate these officials on a salary basis if they are compensated at all. It reasons that if the officials have never been compensated, they need not be compensated. The purpose of the amendment was to prohibit the practice of compensating justices on a fee basis. Wichita County v. Robinson, 155 Tex. 1, 276 S.W.2d 509 (1954). Therefore, it asserts that the provision is a mandate that constables be compensated, if at all, on a salary basis. Additionally, it urges that since no other statute mandates a minimum salary, the commissioners court has discretion to set no salary at all.

-8-

The commissioners court next argues that since Vondy is also a Class B Security Service Contractor[4] and operates the business for profit, the trial court did not abuse its discretion in denying the mandamus. It argues that a person cannot accept a public office knowing the amount of compensation and then claim more is due, citing Terrell v. King, 118 Tex. 237, 14 S.W.2d 786, 791 (1929). Vondy replies that this does not apply when the amount of compensation is mandated by law. Broom v. Tyler County Commissioners Court, 560 S.W.2d 435, 437 (Tex.Civ.App. -- Beaumont 1977, no writ). Also the commissioners court contends that there was no money budgeted or available with which to pay Vondy at the time of his request.

A final argument made by the commissioners court is that by setting no salary, the court has set a salary. In any event, it contends that the constitutional provision does not mandate that it set a reasonable salary, which Vondy is requesting.

We do not find the commissioners courts' arguments persuasive. The constitutional provision clearly mandates that constables receive a salary. While cases cited by the commissioners court point out that the constitutional provision was amended to stop the practice of paying constables on a fee basis, this does not lead to the conclusion that constables need not now be compensated at all. Furthermore, we conclude that the commissioners court must set a reasonable salary. While a reasonable salary would be a determination for the commissioners court, Vondy is entitled to be compensated by a reasonable salary. Any other interpretation of the provision would render it meaningless.

---

[4] Article 4413(29bb) §16(b)(2) and §2(9) defines a security service contractor as "any guard company, alarm systems company, armored car company, courier company, or guard dog company as defined herein."

We also note, that by failure to pay a salary to Vondy, the commissioners court could be subject to prosecution under TEX. PENAL CODE ANN. §39.01(a) (3) (Vernon 1974), for failure to perform its duties imposed by law. By this statute, the legislature recognized the necessity that public officials perform the duties required of them by law and provided sanctions for their failure to do so when the failure was intentional and to obtain a benefit or harm another.

This court lacks original mandamus jurisdiction over county officials. Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 958 (1944). Rather, that power is vested in the district court in the exercise of its general supervisory control over the orders of the commissioners court. Art. B §8 TEX. CONST.; Grant v. Ammerman, 437 S.W.2d 547, 550 (Tex. 1969); and Article 1908. While such jurisdiction is not used to substitute the discretion of the district court for that of the public official, Weber v. City of Sachse, 591 S.W.2d 559 (Tex. Civ. App. -- Dallas 1979, no writ), the performance of a clear statutory duty which is ministerial and nondiscretionary should be mandated by the district court. Wichita County v. Griffin, 284 S.W.2d 253 (Tex. Civ. App. -- Ft. Worth 1955, writ ref'd n.r.e.). Even in matters involving some degree of discretion, the commissioners court may not act arbitrarily. Avery v. Midland County, 406 S.W.2d 422, 428 (Tex. 1966); Stovall v. Shivers, 129 Tex. 256, 103 S.W.2d 363, 367 (1937). Here, the district court should have granted the mandamus sought by Vondy.

There is another compelling reason that mandamus is proper in this case. This court, as well as the trial court, has inherent power to act to protect and preserve the proper administration of the judicial system. The Texas Constitution now recognizes this fundamental principle by providing that the Supreme Court "shall exercise the judicial power of the State except as otherwise provided in this Constitution." TEX. CONST. Art. V §3 (effective September 1, 1981). We recently discussed and recognized

the inherent power to the judicial branch in Eichelberger v.
Eichelberger, 582 S.W.2d 398 (Tex. 1979). In Eichelberger, we
listed examples of the exercise of inherent power by courts in
Texas and other jurisdictions. 582 S.W.2d at 398 n. 1. Texas
courts have recognized their inherent powers to control their
judgments, e.g., Coleman v. Zapp, 105 Tex. 491, 151 S.W.1040,
1041 (1912), to punish by contempt, e.g., Ex Parte Barnett,
600 S.W.2d 252, 254 (Tex. 1980), to summon and compel the
attendance of witnesses, e.g., Burttschell v. Sheppard, 123
Tex. 113, 69 S.W.2d 402, 403 (1934), and to regulate the
admission to the practice of law, e.g., State Bar of Texas v.
Heard, 603 S.W.2d 829, 831 (Tex. 1980); Scott v. State, 86 Tex.
321, 24 S.W. 789, 790 (1894). In one instance, a Texas court
recognized that a district court would have the power to appoint
probation personnel and set their compensation, if that action
were necessary for the effective administration of the business
of the court. Commissioners Court of Lubbock County v. Martin,
471 S.W.2d 100, 110 (Tex. Civ. App. -- Amarillo 1971, writ ref'd
n.r.e.).

Other state courts have often recognized the necessity of
this inherent power to compel payment of sums of money if they
are reasonable and necessary in order to carry out the court's
mandated responsibilities. This power is necessary for the
judiciary to carry out its functions, independently of the other
branches of government. Carlson v. State ex rel. Stodola, 247
Ind. 631, 220 N.E.2d 532 (1966). This inherent power is also
necessary to protect and preserve the judicial powers from
impairment or destruction. Mowrer v. Rusk, 95 N.M. 48, 618 P.2d
886, 892 (1980); Judges for the Third Judicial Circuit v. County
of Wayne, 386 Mich. 1, 190 N.W.2d 228, 231 (Mich. 1971), cert.
denied 405 U.S. 923 (1972). See also Annot., 59 A.L.R.3d 569 (1974).

-11-

In particular, courts have employed their inherent power to hire and require salaries be paid for secretaries, Millholen v. Riley, 211 Cal. 29, 293 P. 69, 71 (1930), clerks, Smith v. Miller, 153 Colo. 35, 384 P.wd 738, 741 (1963), probation officers, Noble County Council v. State ex rel. Fifer, 234 Ind. 172, 125 N.E.2d 709, 714 (1955), and assistants, In Re Matter of Court Reorganization Plan of Hudson County, 161 N.J. Super. 483, 391 A.2d 1255, 1259 (1978). In Commonwealth ex rel Carroll v. Tate, 442 Pa. 45, 274 A.2d 193 (1971), cert. denied 402 U.S. 74 (1971), the court issued a mandamus requiring the city council of Philadelphia to appropriate additional funds necessary to adequately administer the court of common pleas. In 1857, the Supreme Court of Pennsylvania required the county to compensate a constable for his services because of the benefit derived by the county for such services in the preservation of order and administration of justice. Lancaster County v. Brinthall, 29 Pa. 38, 40 (1857).

We hold that the county commissioners of Uvalde County must compensate the county's constables. The judicial system of this state cannot function properly if those officials who are responsible for carrying out certain duties in that process are not properly compensated. TEX. R. CIV. P. 103 allows constables to serve process in this state. If these constables are not compensated for their services the judicial process will be impaired because process may not be served. It is the duty of the commissioners court to provide process servers as a necessary part of the proper administration of justice in this state, and to compensate them adequately. See Pope & McConnico, Practicing Law With the 1981 Texas Rules, 32 BAYLOR L. REV. 457, 484-86 (1980). Constables, provided for in the "Judicial Branch" Article of the Constitution, TEX. CONST. art. V §18, additionally serve other functions necessary to the judicial branch of the state.

Even though the commissioners court is also part of the judicial branch of this state, existing under Article V Section 1 of the Texas Constitution, this fact does not alter our powers to protect and preserve the judiciary by compelling payment for process servers. The legislative branch of this state has the duty to provide the judiciary with the funds necessary for the judicial branch to function adequately. If this were not so, a legislative body could destroy the judiciary by refusing to adequately fund the courts. The judiciary must have the authority to prevent any interference with or impairment of the administration of justice in this state.

Accordingly, the judgment of the court of civil appeals is reversed and the cause is remanded to the district court of Uvalde County for further proceedings consistent with this opinion.

Franklin Spears
Justice

Chief Justice Greenhill, Justices McGee, Denton and Barrow
    concur in the result.


Opinion delivered:   July 22, 1981



# THE SUPREME COURT OF TEXAS

CHIEF JUSTICE
  JOE R. GREENHILL

JUSTICES
  JACK POPE
  SEARS McGEE
  JAMES G DENTON
  CHARLES W BARROW
  ROBERT M CAMPBELL
  FRANKLIN S. SPEARS
  C. L. RAY
  JAMES P WALLACE

P.O BOX 12248     CAPITOL STATION
AUSTIN, TEXAS 78711

September 17, 1981

CLERK
  GARSON R. JACKSON

EXECUTIVE ASS'T
  WILLIAM L. WILLIS

ADMINISTRATIVE ASS'T
  MARY ANN DEFIBAUGH

Mrs. June Richardson
District Clerk
Uvalde County Courthouse
Uvalde, Texas     78801

RE: H. T. VONDY vs. COMMISSIONERS COURT OF UVALDE COUNTY, TEXAS ET AL.
    No. B-9727 in the Supreme Court
    No. 12,429 in the 38th District Court of Uvalde County, Texas

Dear Mrs. Richardson:

The judgment of the Supreme Court of Texas is now final in the above referenced cause.

As Rule 507, Texas Rules of Civil Procedure, has been satisfied, we have issued the mandate as of this date.

Enclosed with the mandate is a certified copy of our cost bill showing the charges and payments as reflected by the record for your use in settlement.

Very truly yours,

GARSON R. JACKSON, Clerk

By _____
   Mary M. Wakefield
   Chief Deputy

Encl.  mandate w/opinion
       cost bill

CC  Mr. Harry A. Nass, Jr., Atty, San Antonio
    Mr. James M. Parker, Atty, San Antonio
    Mr. David R. White, County Atty, Uvalde



# THE SUPREME COURT OF TEXAS

CHIEF JUSTICE
JOE R. GREENHILL

JUSTICES
JACK POPE
SEARS McGEE
JAMES G DENTON
CHARLES W BARROW
ROBERT M CAMPBELL
FRANKLIN S. SPEARS
C. L RAY
JAMES P WALLACE

PO BOX 12248     CAPITOL STATION
AUSTIN, TEXAS 78711

July 23, 1981

CLERK
GARSON R. JACKSON

EXECUTIVE ASS'T
WILLIAM L. WILLIS

ADMINISTRATIVE ASS'T
MARY ANN DEFIBAUGH

Mr. Harry A. Nass, Jr., Atty
900 Vance Jackson
San Antonio, Texas     78201

Mr  James M. Parker, Atty
1519 Milam Bldg.
San Antonio, Texas     78205

Mr. David R. White, Atty
County Attorney
120 East North St.
Uvalde, Texas     78801

RE:  B-9727:  H. T. VONDY vs. COMMISSIONERS COURT OF UVALDE COUNTY, TEXAS ET AL.

Gentlemen

Enclosed please find the judgment of the Supreme Court of Texas in the above referenced cause as said judgment appears in the minutes of this Court under the date of July 22, 19 1.

This is the judgment that will issue in mandate form to the lower court if no motion for rehearing is filed or if a filed motion for rehearing is overruled.

Very truly yours,

GARSON R. JACKSON, Clerk

By Mary M Wakefield
Mary M Wakefield
Chief Deputy

Encl     copy of judgment



# THE SUPREME COURT OF TEXAS

CHIEF JUSTICE
JOE R. GREENHILL

JUSTICES
JACK POPE
SEARS McGEE
JAMES G DENTON
CHARLES W BARROW
ROBERT M CAMPBELL
FRANKLIN S. SPEARS
C. L. RAY
JAMES P WALLACE

PO BOX 12248      CAPITOL STATION
AUSTIN, TEXAS 78711

July 22, 1981

CLERK
GARSON R. JACKSON

EXECUTIVE ASS'T
WILLIAM L. WILLIS

ADMINISTRATIVE ASS'T
MARY ANN DEFIBAUGH

Mr. Harry A. Nass, Jr., Atty
900 Vance Jackson
San Antonio, Texas      78201

Mr. James M. Parker, Atty
1519 Milam Bldg.
San Antonio, Texas      78205

Mr. David R. White, Jr.
County Attorney
120 East North St.
Uvalde, Texas      78801

RE:  B-9727:  H. T. VONDY vs. COMMISSIONERS COURT OF UVALDE COUNTY, TEXAS ET AL.
             No. 5467 in the Eleventh Court of Civil Appeals
             No. 12,429 in the 38th District Court of Uvalde County

Gentlemen

Today, the Supreme Court of Texas delivered an opinion in the above referenced cause.

The opinion by Justice  Spears reversed the judgment of the judgment of the Court of Civil Appeals and remanded the cause to the district court of Uvalde County for further proceedings.

Copies of the enclosed opinion are being mailed to Justice Raleigh Brown, Eleventh Court of Civil Appeals, Judge Jack Woodley, 38th District Court and Uvalde County District Clerk, Mrs  June Richardson.

Very truly yours,

GARSON R. JACKSON, Clerk

By _Mary M. Wakefield_
   Mary M. Wakefield
   Chief Deputy

Encl     opinion