OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


November 10, 1999

The Honorable Thomas B. Sehon
Falls County District Attorney
P.O. Box 413
Marlin, Texas 76661

Opinion No. JC-0140

Re:  Whether a commissioners court is required to fill a vacancy in the office of constable, and related questions  (RQ-0060-JC)

Dear Mr. Sehon:

You ask whether a commissioners court is required to fill a vacancy in the office of constable. We conclude that it is not required to do so.

You indicate that a Falls County constable, who assumed office in 1997, subsequently announced his candidacy for, and was elected to, the position of school district trustee. Since more than one year remained of his unexpired term as constable, he is deemed, under article XVI, section 65, of the Texas Constitution, to have resigned the constable's office. *See* TEX. CONST. art. XVI, § 65. To date, however, the commissioners court has not appointed a successor, and you inform us that, under article XVI, section 17, of the Texas Constitution, the former constable "has continued and is continuing to perform his official duties." Letter from Honorable Thomas B. Sehon, Falls County District Attorney, to Office of the Texas Attorney General (Apr. 26, 1999) (on file with Opinion Committee). You ask whether the commissioners court is required to fill the vacancy.

Section 87.041 of the Local Government Code, provides that "[t]he commissioners court of a county *may* fill a vacancy in the office of," inter alia, "justice of the peace [and] constable." TEX. LOC. GOV'T CODE ANN. § 87.041(a) (Vernon 1999) (emphasis added). "The person appointed by the commissioners court to fill the vacancy shall hold office until the next general election." *Id.* § 87.041(c). In Attorney General Letter Opinion 98-037, this office said that a commissioners court is *required* to fill a vacancy in the office of justice of the peace. That decision was based on the declaration of article V, section 28, of the Texas Constitution, that "vacancies in the office of County Judge and Justices of the Peace *shall* be filled by the Commissioners Court until the next succeeding General Election." TEX. CONST. art. V, § 28 (emphasis added). Both Letter Opinion 98-037 and the two opinions on which it relied, Attorney General Opinions WW-279 (1957) and V-178 (1947), construed the constitutional "shall" language as imposing a mandatory duty. No such constitutional requirement is imposed on a commissioners court to fill vacancies in the office of constable, and in its absence, section 87.041 provides the only authority for filling a vacancy in that office. As you suggest, the word "may" ordinarily confers discretion. This result — that a commissioners court has a mandatory duty to fill vacancies in the office of justice of the peace, but has discretion to fill, or

not fill, vacancies in the office of constable — seems absurd, and, in our opinion, it calls into question the very validity of the use of the "shall/may" dichotomy in the context of filling vacancies in public offices.

Under the terms of the Code Construction Act, "'may' creates discretionary authority or grants permission or a power," while "'shall' imposes a duty." TEX. GOV'T CODE ANN. § 311.016 (Vernon 1998). In both cases, however, such constructions apply "unless the context in which the word or phrase appears necessarily requires a different construction or unless a different construction is expressly provided by statute." *Id.* This rule of statutory construction, first enacted into statute in 1997, is more or less a codification of case law on the distinction between "shall" and "may." *See, e.g., Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307 (Tex. 1976); *Inwood N. Homeowners' Ass'n v. Meier*, 625 S.W.2d 742 (Tex. Civ. App.–Houston [1st Dist.] 1981, no writ). On the other hand, courts have also said that "may" and "shall" are often used interchangeably. *See Burton v. McGuire*, 3 S.W.2d 576 (Tex. Civ. App.–Beaumont 1927), *aff'd*, 41 S.W.2d 238 (Tex. Comm'n App. 1931, judgm't adopted); *Kessler v. Texas Employers Ins. Ass'n*, 421 S.W.2d 133 (Tex. Civ. App.–Eastland 1967, writ ref'd, n.r.e.); *Smith v. Curtis*, 223 S.W.2d 712 (Tex. Civ. App.–Dallas 1949, no writ). Whether either term is to be construed as mandatory or directory depends upon context. *See Chisholm v. Bewley Mills*, 287 S.W.2d 943 (Tex. 1956); *Thomas v. Groebl*, 212 S.W.2d 625, 630 (Tex. 1948); *Brinkley v. State*, 320 S.W.2d 855 (Tex. Crim. App. 1958); *Serna v. Enriquez*, 545 S.W.2d 281 (Tex. Civ. App.–Corpus Christi 1976, no writ).

Article V, section 28, of the Texas Constitution, as we have noted, specifies that "vacancies in the office of County Judge and Justices of the Peace shall be filled by the Commissioners Court until the next succeeding General Election." TEX. CONST. art. V, § 28. While this language *could* be interpreted to *require* the commissioners court to fill these vacancies, it may just as reasonably be construed to mean that, if they *are* filled, the commissioners court is the proper appointing authority and, in addition, that no special election may be held to fill such vacancies. By contrast, section 87.041 of the Local Government Code, provides that "[t]he commissioners court . . . *may* fill a vacancy in the office of . . . justice of the peace or constable," but also declares that "[t]he commissioners court *shall* fill a vacancy by a majority vote of the members of the court who are present and voting." TEX. LOC. GOV'T CODE ANN. § 87.041(a), (b) (Vernon 1999). In our opinion, the proper way to harmonize these constitutional and statutory provisions is to conclude that, whether "may" or "shall" is used, the commissioners court is not under a mandatory duty to fill any of the positions in section 87.041.

We are supported in this conclusion by the absence, in both statute and constitution, of any specified consequences resulting from a commissioners court's failure to exercise its power of appointment. Other state courts have consistently held that a statute that does not declare the consequences of a failure to comply should be construed as directory rather than mandatory. *See, e.g., Sullivan v. Credit River Township*, 217 N.W.2d 502, 507 (Minn. 1974); *State ex rel. Mitchell v. Heath*, 132 S.W.2d 1001, 1003 (Mo. 1939). Not only do both the statute and constitutional provision under consideration here fail to specify consequences, there also appears to be no means of compelling a commissioners court to exercise its appointing authority.

Mandamus will lie to compel a public official to perform a ministerial act. *Turner v. Pruitt*, 342 S.W.2d 422, 423 (Tex. 1961). We do not believe, however, that the appointment of the officials listed in section 87.041 of the Local Government Code, can be said to be ministerial. As the Supreme Court said in *Anderson v. City of Seven Points*, 806 S.W.2d 791 (Tex. 1991), "[a]n act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Id.* at 793. Both the constitution's "shall be filled" language and the statute's "may fill" language obviously do not specify the identities of the persons to be appointed. Neither do they indicate a time frame in which the commissioners court must make the appointment. Furthermore, both constable and justice of the peace positions require certain qualifications. The commissioners court might be unable to find an appointee who meets the requisite qualifications. In any case, it might argue that it was not refusing to make the appointment; rather, it was merely proceeding cautiously in order to select the best candidate. In short, there is simply too great a degree of discretion involved in the matter of making appointments to satisfy the exacting standards of mandamus.

*Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104 (Tex. 1981), is one of the relatively few cases in which a Texas court has upheld a writ of mandamus directed to a commissioners court. There, the commissioners had refused to set a salary for a particular constable. After reviewing the standard required for mandamus, the Texas Supreme Court concluded that it was proper in this case because the constitution specified that "it shall be mandatory upon the Commissioners Courts, to compensate all . . . constables . . . on a salary basis." *Id.* at 108 (citing TEX. CONST. art. XVI, § 61). It seems apparent that "it shall be mandatory" is the kind of language that imposes a clear and unmistakable duty. By contrast, "shall be appointed" and "may appoint" leave substantial room for discretion. We conclude that, while both the constitutional provision and the statute contemplate that the offices listed in section 87.041 of the Local Government Code are to be filled, the commissioners court is not under a mandatory duty to fill them within a specified period, and, absent unusual circumstances, cannot be compelled to do so. Consequently, Attorney General Opinions WW-279 (1957) and V-178 (1947), as well as Letter Opinion 98-037, are overruled to the extent inconsistent with the views expressed here.

We do not mean to imply, however, that unusual circumstances can never arise. Your second question is whether the members of the commissioners court may transgress section 87.013 of the Local Government Code by failing to fill the vacancy in the office of constable. Section 87.013 provides that "an officer may be removed for," inter alia, "incompetency" or "official misconduct." TEX. LOC. GOV'T CODE ANN. § 87.013 (Vernon 1999). Incompetency is defined as:

(A) gross ignorance of official duties;

(B) gross carelessness in the discharge of those duties; or

(C) unfitness or inability to promptly and properly discharge official duties because of a serious physical or mental defect that did not exist at the time of the officer's election.

*Id.* § 87.011(2). Official misconduct is defined as "intentional, unlawful behavior relating to official duties by an officer entrusted with the administration of justice or the execution of the law. The term includes an intentional or corrupt failure, refusal, or neglect of an officer to perform a duty imposed on the officer by law." *Id.* § 87.011(3). A proceeding for removal of a county commissioner is initiated by the filing of a sworn petition by a county resident. *See id.* § 87.015. The county attorney represents the state in a removal proceeding, and removal may be effected only upon a jury trial. *See id.* § 87.018.

Because a commissioners court is not under a mandatory duty to fill vacancies, only extraordinary circumstances could warrant the removal of one or more commissioners for "incompetency" or "official misconduct." Although we will not speculate on the full panoply of circumstances that might be sufficient to demonstrate a basis for removal, we mention two circumstances that give us pause: If, for example, an incumbent sheriff has died and the resulting vacancy has led to a general lack of law enforcement in the county; or, again, if the holdover officer has been the subject of numerous complaints of wrongdoing or allegations that he is unfit to hold the office. In general, however, we believe that such circumstances will be rare and that the evidence required to effect removal would have to be substantial.

Finally, you ask whether the commissioners court, and Falls County, incur greater liability by virtue of the court's failure to appoint a new constable. The commissioners may raise the affirmative defense of official immunity to any liability for torts committed by the holdover constable. To establish the defense, the commissioners must show that failure to appoint a new constable was (1) discretionary; (2) taken in good faith; and (3) within the scope of their authority. *See Fort Bend County v. Heikkila*, 921 S.W.2d 395, 398 (Tex. App.–Houston [1st Dist.] 1996, no writ). As to possible county liability, the Texas Tort Claims Act specifically does not apply to a claim that is based on "the failure of a governmental unit to perform an act that the unit is not required by law to perform," or "a governmental unit's decision not to perform an act . . . if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.056 (Vernon 1997).

On the other hand, a county has been held liable, under civil rights statutes, for the acts of a peace officer on the ground that the commissioners court had control of the hiring and training of deputy constables through its power to refuse to pay the deputy constables unless they were properly trained. *Walsweer v. Harris County*, 796 S.W.2d 269, 274-5 (Tex. App.–Eastland 1990, writ denied), *cert. denied*, 502 U.S. 866 (1991). Similarly, a commissioners court that was aware of prior torts committed by a holdover constable might conceivably increase its, and the county's, liability by failing to appoint a successor. Again, we will not speculate on the kind of evidence that might be necessary to support such a claim. *See generally* 35 DAVID B. BROOKS, TEXAS PRACTICE: COUNTY AND SPECIAL DISTRICT LAW § 2.31 (West 1989).

### S U M M A R Y

A commissioners court has no enforceable duty to fill a vacancy in the office of constable. Attorney General Opinions WW-279 (1957) and V-178 (1947), as well as Letter Opinion 98-037, are overruled to the extent inconsistent with this opinion.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee