ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 14, 2012

The Honorable Gary D. Young
Lamar County and District Attorney
Lamar County Courthouse, 3d Floor
119 North Main Street
Paris, Texas 75460

Opinion No. GA-0929

Re: Authority of a commissioners court to remove salary increases for county officials at the final budget hearing, and the effect of that removal on the grievance process (RQ-0999-GA)

Dear Mr. Young:

You ask whether a commissioners court may remove salary increases for county officials during the final budget hearing of a fiscal year. Further, you ask about the effect that removing salary increases has on the grievance process.[1] You tell us that the Lamar County Commissioners Court ("Commissioners Court") adopted an order giving each elected county official a pay raise for the next fiscal year. *See* Request Letter at 2. You state that this order, along with information about the salary grievance process, was sent to each affected county official and published in a local newspaper. *See id.* You explain that the Commissioners Court removed the salary increases for elected county officials when the commissioners met during a public hearing to adopt the budget. *See id.* Finally, you state that the county officials were not given additional notice of the change to their salaries and thus had no time to file a grievance before adoption of the budget at the hearing. *See id.* With these facts, you pose several questions:

Assuming the Commissioners Court voted to give the elected officials a raise during the regular budget process, and gave timely written notice . . . , can [it] remove the raise from the budget at the final hearing to adopt the budget without giving the elected officials a chance to grievance the decision?

If so, may the elected official[s] grievance the decision after the adoption of the budget?

Are the elected officials entitled to rely on the representation of the Commissioners Court as contained in the . . . written notices? If not,

---

[1] *See* Letter from Honorable Gary D. Young, Lamar Cnty. & Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 3 (Sept. 21, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

> [may] the Commissioners Court . . . vote [an increase each year], give the proper notices . . . [and] allow the grievance period to expire, and then, remove the raise from the budget at the public hearing, and thus deny the elected officials of their right to a grievance?
>
> Are the elected officials entitled to the pay raise as contained in the "Salary and Allowance Order" and written notices? If so, is it simply inserted into the budget?

*See id.* at 3. Your questions implicate chapters 111 and 152 of the Local Government Code.

Chapter 111, subchapter A of the Local Government Code, governs the budgeting process for counties with a population less than 225,000.[2] *See* TEX. LOC. GOV'T CODE ANN. § 111.001 (West 2008). Under subchapter A, the county judge is required to "prepare a budget to cover all proposed expenditures of the county government for the succeeding fiscal year." *Id.* § 111.003(a). The county judge is to file a copy of the proposed budget with the county clerk, and then it shall be available for inspection by the public. *See id.* § 111.006(a)–(b). Subsequently, the "commissioners court shall hold a public hearing on the proposed budget" in the time specified by statute. *Id.* § 111.007(a). The commissioners court must notify the public of the date of the hearing on the proposed budget. *See id.* § 111.007(c). "At the conclusion of the public hearing, the commissioners court shall take action on the proposed budget." *Id.* § 111.008(a).

Simultaneously, chapter 152 provides that the commissioners court sets the salaries of the elected county and precinct officials. A commissioners court "set[s] the items at a regular meeting . . . during the regular budget hearing and adoption proceedings."[3] *Id.* § 152.013(a). Prior to filing the budget with the county clerk, the "commissioners court shall give written notice to each elected county and precinct officer of the officer's salary . . . to be included in the budget." *Id.* § 152.013(c). Under chapter 152, a county officer who is aggrieved by the salary set by the commissioners court may request a hearing before the salary grievance committee "before the approval of the county's annual budget." *Id.* § 152.016(a); *see also id.* § 152.014 (salary grievance committee).

In Opinion GA-0051, we concluded that subsection 152.013(c) requires a county commissioners court to notify officials of their proposed salaries after receiving the proposed budget from the county judge, but sufficiently before the court's approval of the final budget so that an aggrieved officer can receive a determination from the salary grievance committee. Tex. Att'y Gen. Op. No. GA-0051 (2003) at 4. In reaching that conclusion, the opinion reasoned that once a

---

[2]With a population of 49,793, Lamar County is subject to subchapter A. *See* U. S. Census Bureau, U.S. Dep't of Commerce, 2010 Census of Population; Tex. Quick Facts, http:/quickfacts.census.gov/gfd/.

[3]"We do not understand this 'regular meeting' necessarily to [be] a public hearing on the proposed budget." Tex. Att'y Gen. Op. No. GA-0620 (2008) at 3.

commissioners court has adopted the budget, an aggrieved officer may not request a hearing from the salary grievance committee "before the approval of the county's annual budget." *Id.* at 3. The opinion also reasoned that the recommendations of the salary grievance committee could not be included in the budget if the budget had already been adopted. *See id.* at 4, 6; *see also* TEX. LOC. GOV'T CODE ANN. § 152.016(c) (West 2008) (providing that salary recommendations must be included in the budget if nine members vote in favor of the increase). Opinion GA-0051 determined that construing section 152.013(c) otherwise would render impossible the requirements of subsection 152.016. *See* Tex. Att'y Gen. Op. No. GA-0051 (2003) at 3 (noting that the Legislature "intends the whole of chapter 152, subchapter A to be effective").

The same reasoning applies here. A commissioners court removing a proposed salary increase from the budget at the final budget hearing—without giving additional notice and without giving the elected officials a chance to seek redress from the salary grievance committee—similarly renders the requirements of subsection 152.016 impossible. Moreover, we have recognized that the commissioner court's duty to notify the officers continues until the commissioners court has filed the final budget with the county clerk. *See* Tex. Att'y Gen. Op. No. GA-0620 (2008) at 3. For these reasons, we do not believe that a commissioners court may remove the proposed salary increase in the manner you describe because doing so precludes an officer from utilizing the statutory grievance procedure.[4] This statutory limitation, however, does not prohibit a commissioners court from amending the proposed budget. Chapter 111 expressly authorizes a commissioners court to make changes to the proposed budget. *See* TEX. LOC. GOV'T CODE ANN. § 111.008(b) (West 2008). Our conclusion requires only that a commissioners court amend the budget in a manner that timely notifies county officers of the proposed salary alterations so that affected officers may seek redress under section 152.016.[5]

Further, section 152.016 does not entitle a county officer to a proposed salary increase. Nor does it provide a remedy to an officer who may be precluded from seeking a hearing by circumstances such as you describe. *Cf.* Tex. Att'y Gen. Op. Nos. GA-0620 (2008) at 4 (recognizing that salaries adopted in contravention of section 152.013(c) remain fixed at the prior year's amount); GA-0162 (2004) at 2–3 (same). Morever, a commissioners court may expend county funds only in strict compliance with the adopted budget, except in an emergency. TEX. LOC. GOV'T CODE ANN. § 111.010(b) (West 2008); *but see id.* § 111.010(d) (authorizing budget transfer without an

---

[4]Because your second question is contingent upon a different answer to your first question, we do not address it. *See supra* page 1.

[5]In providing for the budget hearing, subsection 111.008(a) requires only that at the end of the public hearing on the proposed budget, "the commissioners court shall take action on the proposed budget." TEX. LOC. GOV'T CODE ANN. § 111.008(a) (West 2008). The subsection does not require the commissioners court to adopt the final budget at the end of the hearing. *See id.* Taking action on the proposed budget could include amending the proposed budget or scheduling a subsequent hearing at which to adopt the amended budget. *See* Tex. Att'y Gen. Op. No. GA-0620 (2008) at 2 n.3 ("We specifically do not construe the term 'take action' to be limited to the final adoption of the budget."). A subsequent hearing could be scheduled to allow time for the commissioners court to notify the officers about the changed proposed salaries and to allow any officer time to utilize the salary grievance process.

emergency).  We find no legal authority on which to conclude that county officers are entitled to the proposed salary increases.  However, we note that orders of a commissioners court are subject to judicial review if the commissioners court acts beyond its jurisdiction or clearly abuses its discretion.  *See* TEX. CONST. art. V, § 8 ("The district court shall have . . . general supervisory control over the County Commissioners Court . . . .").  A district court's supervisory jurisdiction could be invoked to seek a judicial determination as to whether the commissioners court acted beyond its jurisdiction or clearly abused its discretion in adopting the county budget in the way you describe.  *See Griffin v. Birkman*, 266 S.W.3d 189, 195 (Tex. App.—Austin 2008, pet. denied) (discussing supervisory jurisdiction); *see also Hooten v. Enriquez*, 863 S.W.2d 522, 528 n.7 (Tex. App.—El Paso 1993, no writ) (noting that a lawsuit is required to invoke a district court's supervisory jurisdiction), *Vondy v. Comm'rs Court of Uvalde Cnty.*, 620 S.W.2d 104, 109 (Tex. 1981) (stating that the Supreme Court "lacks original mandamus jurisdiction over county officials.  Rather, that power is vested in the district court in the exercise of its general supervisory control over the orders of the commissioners court.") (citations omitted).

## S U M M A R Y

A commissioners court that removes county officers' proposed salary increases from the budget at the final budget hearing without giving additional notice to county officers under subsection 152.013(c), Local Government Code, and without giving the elected officials a chance to seek redress from the salary grievance committee under section 152.016 acts contrary to the requirements of chapter 152.

There is no legal authority on which to conclude that the county officers here are entitled to the proposed salary increases.

A district court's supervisory jurisdiction could be invoked to seek a judicial determination as to whether a commissioners court acted beyond its jurisdiction or clearly abused its discretion in adopting the county budget.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee