ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 17, 2013

The Honorable Delma Rios-Salazar
Kleberg County Attorney
Post Office Box 1411
Kingsville, Texas 78364-1411

Opinion No. GA-1032

Re: Whether the Kleberg County commissioners court may create and fund an additional bailiff position for the 105th District Court (RQ-1133-GA)

Dear Ms. Rios-Salazar:

You ask whether the Kleberg County commissioners court "is authorized to create and fund a separate full time bailiff position" for the 105th District Court (the "Court") in Kleberg County.[1] "The 105th District Court is composed of Kenedy, Kleberg, and Nueces counties." TEX. GOV'T CODE ANN. § 24.207(a) (West Supp. 2012). You explain that the district judge of the Court "serves the majority of the time in Nueces County" and that Kleberg County has supplemented the bailiff's pay for the days the judge holds court in Kleberg County.[2] Request Letter at 1–2. You tell us that, at the judge's request, the Kleberg County commissioners court considered and approved an additional bailiff position to serve the Court when it is held in Kleberg County. *Id.* at 2; *see also* Attachment at 1–2. You question the authority of the commissioners court to create and fund this additional bailiff position. Request Letter at 2–3. In your view, "there is to be one bailiff appointed for each district court in Nueces County and if the district is composed of more than one county, the bailiff is to serve each county in the district." *Id.* at 3.

By statute, certain bailiff appointments are mandatory. *See* TEX. GOV'T CODE ANN. § 53.001 (West 2013). Subsection 53.001(b) of the Government Code requires that "[a] district . . . court judge in Nueces County *shall* appoint a bailiff," making the Court's bailiff a mandatory

---

[1]Letter and Attachment from Honorable Delma Rios-Salazar, Kleberg Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (June 26, 2013), http://www.texasattorneygeneral.gov/opin (Attachment on file with the Op. Comm.) ("Request Letter" and "Attachment").

[2]A bailiff appointed pursuant to Government Code subsection 51.003(b) "is entitled to receive a salary set by the commissioners court of the county in which the bailiff serves." TEX. GOV'T CODE ANN. § 53.009(i) (West 2013).

appointment. *Id.* § 53.001(b) (emphasis added).[3] *See also id.* §§ 53.006(a) (bailiff appointed under section 53.001 "is an officer of the court"); 53.006(d) (bailiff appointed under Section 53.001(b) "shall serve as part of the security force for the district . . . courts in the county and shall perform other duties" as required by the judge); 53.0071 (unless otherwise ordered, bailiff appointed under subsection 53.001(b) is a "peace officer" for purposes of article 2.12 of the Code of Criminal Procedure). Subsection 53.001(b) mandates a single bailiff, whereas other provisions in section 53.001 addressing multi-county courts explicitly mandate multiple bailiffs. *See, e.g., id.* § 53.001(c) (mandating that each criminal district court in Tarrant County have "at least three bailiffs assigned regularly to the court"); (d) (requiring the 97th district court judge to "appoint a bailiff for each county in the district"). In a separate section, the Legislature has authorized the discretionary appointment of bailiffs by the judges of certain named courts, not including the judge of the 105th District Court. *Id.* § 53.002.

In construing a statute, "our primary objective is to determine the Legislature's intent, which, when possible, we discern from the plain meaning of the words chosen." *Traxler v. Entergy Gulf States, Inc.*, 376 S.W.3d 742, 747 (Tex. 2012). "We may also consider other factors, including the object the statute seeks to obtain, legislative history, and the consequences of a particular construction. Moreover, we must always consider a statute as a whole and attempt to harmonize its various provisions." *Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 706 (Tex. 2002) (citations omitted). Beyond the separation of appointments into mandatory and permissive categories, the statutory provisions governing the designation of bailiffs for the various courts are not uniform. *See also* 36 DAVID B. BROOKS, TEX. PRACTICE: COUNTY AND SPECIAL DISTRICT LAW § 22.24 (2d ed. 2002). Rules governing such matters as appointment, number, eligibility, and salary of bailiffs are presented in piecemeal fashion in individual provisions applicable to specific courts. Nonetheless, where statutory rules govern the appointment of bailiffs, as in the 105th District Court, those rules must be followed.

"When the Legislature uses a word or phrase in one portion of a statute but excludes it from another, the term should not be implied where it has been excluded." *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011). The Legislature mandated multiple bailiffs for other courts but not the 105th District Court. Moreover, the Legislature authorized discretionary judicial appointment of bailiffs for some judges but not for the district judge of the 105th District Court. Therefore, a court would likely conclude that, by enacting subsection 53.001(b), the Legislature has authorized the Court to appoint only one bailiff.

---

[3] *See also id.* § 53.001(f) (noting that a mandatory appointment pursuant to Government Code section 53.001 does not affect the separate duty of a sheriff to provide a bailiff for each court); TEX. CODE CRIM. PROC. ANN. art. 36.24 (West 2006) (mandating the sheriff to "furnish the court with a bailiff" during criminal trials to attend to the jury and act at the direction of the court).

The limitation of subsection 53.001(b), however, does not mean that the Court cannot hire other necessary personnel. Courts have the general power to "appoint appropriate staff and support personnel according to the needs in each county." TEX. GOV'T CODE ANN. § 74.103 (West 2013). In addition, courts have inherent powers derived not "from legislative grant or specific constitutional provision, but from the very fact that the court has been created and charged by the constitution with certain duties and responsibilities." *In re El Paso Cnty. Comm'rs Ct.*, 281 S.W.3d 16, 27 (Tex. App.—El Paso 2005, no pet.). "The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity," including the "power to require the legislative and judicial branches to provide staffing and facilities for it to properly perform its judicial functions." *Id.*; *see also Vondy v. Comm'rs Ct. of Uvalde Cnty.*, 620 S.W.2d 104, 110 (Tex. 1981) (recognizing the inherent power of courts to hire and require salaries be paid to secretaries, clerks, probation officers, and assistants, and noting that "[t]he judicial system . . . cannot function properly if those officials who are responsible for carrying out certain duties in that process are not properly compensated"). If the Court determines that it needs additional staff to aid the Court in the exercise of its judicial functions, the Court may rely on Government Code section 74.103 and its inherent power to appoint necessary personnel other than a bailiff.

### S U M M A R Y

The Legislature has not authorized the creation of an additional bailiff position for the 105th District Court. However, if the Court determines that it needs additional staff to aid the Court in the exercise of its judicial functions, the Court may rely on Government Code section 74.103 and its inherent power to appoint necessary personnel other than a bailiff.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee