Charles E. WHITE, Appellant,

v.

COMMISSIONERS COURT OF KIMBLE COUNTY, Texas, et al., Appellees.

No. 04–85–00122–CV.

Court of Appeals of Texas, San Antonio.

Feb. 5, 1986.

Rehearing Denied March 4, 1986.

Harry A. Nass, Jr., James M. Parker, San Antonio, for appellant.

James P. Allison, Austin, Lawrence F. Harrison, Junction, for appellees.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment in a writ of mandamus suit rendered in favor of appellant Charles E. White (White) against appellee Commissioners Court of Kimble County (Commissioners). White brings this appeal seeking a review of the trial court's decision regarding his original petition for writ of mandamus. White's petition claimed that the salary set by the Commissioners was unreasonable and a violation of TEX. CONST. art. XVI, § 61 (1935, amended 1986). The trial court entered judgment on November 12, 1984, and subsequently issued a corrected judgment on January 25, 1985, ordering Commissioners to pay White a reasonable salary. White appeals asking this Court to hold that the judgment signed by the trial court on January 25, 1985, be declared void and the judgment of November 12, 1984, be declared final. We affirm.

The facts are as follows: White is a duly elected justice of the peace for Precinct Three in Kimble County, Texas. Commissioners set White's salary at $1.00 per year and excluded any reimbursements for office expenses. White's fellow justice of the peace in Precinct One was earning $1,208.00 per month plus benefits and expenses.

White filed an unsuccessful complaint regarding a salary to the Salary Grievance Committee of Kimble County and to Commissioners. The following chronological table lists the events as they unfolded:

05–10–84—Original petition for a writ of mandamus ordering Commissioners to fix a reasonable salary filed by White.

08–24–84—Trial commences.

11–12–84—Trial Court signs first judgment granting White's petition in which Court orders Commissioners to:

(1) pay White a reasonable salary of $600.00 per month from February 1984 until Commissioners set another reasonable sum;

(2) pay White $2,000.00 in attorney's fees;

(3) pay White $1,500.00 in attorney's fees should Commissioners appeal this cause to the Court of Appeals; and

(4) pay White $1,500.00 in attorney's fees should Commissioners appeal this cause to the Texas Supreme Court.

11–21–84—Request for findings of fact and conclusions of law filed by Commissioners.

12–10–84—A motion for new trial filed by Commissioners.

12–13–84—Trial Court renders findings of fact and conclusions of law.

01–25–85—Trial Court vacates judgment of 11–12–1984. The judgment is set aside and modified and a new judgment rendered:

(1) Commissioners are under a legal duty to compensate White with a reasonable salary for the office of Justice of the Peace Precinct 3 in Kimble County, Texas.

(2) All costs of court are taxed against Commissioners.

White brings four points of error on appeal which state that the trial court erred in:

(1) Reforming its judgment of November 12, 1984, more than thirty (30) days after its signing without having its jurisdictional time limits extended by the filing of a motion to reform the judgment as required by Rule 329b(b).

(2) Reforming its judgment of November 12, 1984, when the only relief prayed for in appellees' motion for new trial was for a new trial and not for any reformation.

(3) Not awarding to appellant a reasonable salary of office in the sum of six hundred dollars ($600.00) per month in accordance with the evidence and findings of fact.

(4) Not awarding to appellant reasonable attorney's fees in accordance with the evidence and findings of fact.

White alleges points of error number three and four in the alternative; accordingly we will first review his initial two points of error.

White alleges that TEX.R.CIV.P. 329b(g) (Vernon 1985) pertains because it identifies a motion for new trial and a motion to modify, correct or reform a judgment as separate and distinct motions. White argues that the trial court was limited to the motion for new trial filed by Commissioners and therefore the court could not act outside such a motion sua sponte.

■ We agree with White that the motion for new trial and the motion to modify, correct, or reform are distinct and separate motions. However, either motion may be urged by a party seeking to extend the trial court's plenary jurisdiction. Further, we are guided by TEX.R.CIV.P. 329b(c), (d) and (e) (Vernon 1985):

(c) In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

(d) The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed.

(e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

■ The aforementioned rules clearly give the trial court plenary jurisdiction to

grant a new trial or reform a judgment within thirty days from the date the judgment is signed or within thirty days after timely filed motion for new trial is overruled by order of the court or operation of law. Commissioners' motion for new trial would have been overruled by operation of law on the seventy-fifth day from the date the judgment was signed, namely January 26, 1984. However, a hearing on the motion for new trial was had on the seventy-fourth day which resulted in the trial court signing a modification of its earlier judgment within the statutory requirements of Rule 329b(e).

Therefore, White frames the issue before us as follows:

(1) Is the trial court's jurisdiction limited to ruling on the motion for new trial presented by Commissioners or could it take action sua sponte to modify its original judgment?

By virtue of Commissioners' timely filed motion for new trial, the trial court was given seventy-five days from the date the judgment was signed to exercise its plenary powers. The trial court was given an additional thirty days after it acted on the motion or the motion was overruled by operation of law. In fact, the court in this case had full, entire, complete or, as Rule 329b(e) states, plenary jurisdiction to consider all matters for the full 105 day period.

Further, we agree with Commissioners that the import of Rule 329b(e) did not substantially change during the rewriting of Rule 329b in 1981 and 1984. The 1984 changes did not affect the actions taken by the trial court in the case before us. In 1984, the legislature simply provided, in express language, an additional means by which a trial court's plenary jurisdiction could be exercised. In 1981, the legislature completely rewrote Rule 329b thereby redesigning the post-trial timetable. In reviewing the abandoned Rule 329b, we fail to see how the trial court's plenary power was diminished or how a litigant's choice of motions limits a trial court's plenary jurisdiction under the new rule. Subsequent cases cited by Commissioners which interpret the amended Rule 329b affirm this understanding.

For example, in *Hurst Aviation v. Junell*, 642 S.W.2d 856, 860 (Tex.App.—Fort Worth 1982, no writ), the trial court attempted to correct its original judgment ordering recovery for the estate of a pilot fatally injured in a midair collision. The court signed a second judgment while the defendant's motion for new trial was pending. On appeal, the court held that the signing of the second judgment correcting the original judgment was a proper exercise of the trial court's plenary power and cited to the amended Rule 329b(e).

Furthermore, Rule 329b(e) places no limits on the trial court's exercise of its plenary jurisdiction within the statutory thirty days after a motion for new trial or other such motion has been overruled by the court or operation of law. In the case before us, the trial court properly acted within seventy-five days from the signing of the judgment.

Accordingly, we overrule White's first two points of error.

■ White alleges in his third and fourth points of error, that the trial court erred in not awarding White a reasonable salary of six hundred dollars ($600.00) and in not awarding White attorney's fees. As was stated earlier, White's original petition for writ of mandamus asks the court to order Commissioners to fix and establish a reasonable salary and expenses of office for the office of Justice of the Peace, Precinct Three, Kimble County, Texas. This the Court has done. The case law is clear that where a plaintiff receives all the relief he could expect to obtain from a lower court he cannot invoke a higher court's jurisdiction seeking different relief. *See Trad v. General Crude Oil Co.*, 474 S.W.2d 183, 184 (Tex.1971); *O.J. Gilson v. Universal Realty Co.*, 378 S.W.2d 115, 121 (Tex.Civ. App.—Houston 1964, writ ref'd n.r.e.). Where parties prevail in the trial court on all material points placed in issue by their

pleadings, such points will be subject to dismissal. *Gilson*, 378 S.W.2d at 121.

 Even if this court could consider the material points raised by White in his third point of error regarding the trial court's failure to award him a reasonable salary of $600.00, the case law is clear that the Commissioners Court is limited only to providing a reasonable salary within their discretion for county public officials. *See Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104, 108–09 (Tex.1981). Furthermore, TEX.REV.CIV.STAT.ANN. art. 3912i (Vernon 1966) clearly states that the Commissioners Court shall have discretion in determining the amount of salaries to be paid each Justice of the Peace. The setting of a very low salary for White was not the type of violation of TEX.PENAL CODE ANN. § 39.01(a)(3) (Vernon 1974) envisioned by the court in *Vondy*. Rather, it was the setting of no salary by the Commissioners Court in *Vondy* which was viewed as a potential act of official misconduct under the formerly effective section 39.01(a)(3). *Vondy*, 620 S.W.2d at 109. Finally, the law is very well settled that a district court has no authority to direct a public official on how to perform a discretionary act. *Mauzy v. Legislative Redistricting Board*, 471 S.W.2d 570, 575 (Tex. 1971); *Weber v. City of Sachse*, 591 S.W.2d 563, 567 (Tex.Civ.App.—Dallas 1979, no writ). Therefore, we refuse to instruct the Commissioners Court of Kimble County as to what is a reasonable salary.

 White argues in his final point of error that the trial court erred in not awarding attorney's fees. White complains that the acts of the Commissioners violated his civil rights. We find no evidentiary basis in the record or pleadings before us to support White's complaint of a violation of 42 U.S.C. § 1983 (1982). Furthermore, White relies on the findings of fact and conclusions of law issued by the trial court. These findings by the trial court pertained to the original judgment of 11–12–1984 and may not be relied on by White to support the corrected judgment of 1–25–85. As such, we agree with Commissioners that in the absence of findings of fact and conclusions of law, this court will presume that questions of fact have been found in support of the trial court's judgment and the judgment will be affirmed if it can be upheld on any legal theory pleaded and supported by the evidence. *See Buchanan v. Byrd*, 519 S.W.2d 841, 842 (Tex.1975); *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 513, 235 S.W.2d 609, 613 (1950). Also, White did not provide this court with any statutory or contractual basis for the recovery of attorney's fees. *See Rocha v. Ahmad*, 676 S.W.2d 149, 154 (Tex.App.—San Antonio 1984, writ dism'd).

Therefore, we overrule White's final point of error.

Accordingly, we affirm the judgment of the trial court.