

# THE ATTORNEY GENERAL
# OF TEXAS

February 23, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable David R. White, Jr.          Opinion No. JM-1019
County Attorney
120 East North Street                  Re: Salary of commission-
Uvalde, Texas  78801                   ers in Uvalde County, and
                                       related questions (RQ-1585)

Dear Mr. White:

You ask the following questions:

> 1. Can the salary paid each [county] Commissioner be different or must each receive the same salary?

> 2. Can the salary of the Commissioners be lowered by a vote of the Commissioners Court? If so, can the Budget be amended, after proper hearing, immediately to reflect the vote of the Commissioners, or would the Court have to wait until their yearly budget hearings?

> 3. If the salary of the Commissioners can be lowered by the vote of the Commissioners Court, what is the lowest amount that can be paid each Commissioner as allowed by law?

> 4. Can a Commissioner elect to receive a salary lower than what is set by the Commissioners Court?

> 5. Can a Commissioner receive his full salary, and thereafter make a donation or gift back to the County of a portion thereof?

In your first question you ask whether all county commissioners must receive the same salary. Section 152.011 of the Local Government Code provides "[t]he commissioners court of a county shall set the amount of the

compensation . . . for county and precinct officers." See article XVI, section 61 of the Texas Constitution. Section 152.012 of the Local Government Code provides that the salary of an officer may not be set at an amount less than the amount of the salary in effect on January 1, 1972.

In Attorney General Opinion JM-770 (1987), it was found that the commissioners court may provide for different salaries for constables in each precinct if the circumstances reasonably require different salaries and if each salary is itself reasonable.

In White v. Comm's Court of Kimble County, 705 S.W.2d 322, 326 (Tex. App. - San Antonio, 1986, no writ), it was noted that "the case law is clear that the commissioners court is limited only to providing a reasonable salary within their discretion for county public officials." See Vondy v. Comm's Court of Uvalde County, 620 S.W.2d 104, 108-109 (Tex. 1981).

While White addressed the salary of a justice of the peace and the issue in Vondy related to compensation for a constable, no reason is perceived why the same standard should not be applied in setting the salary of a county commissioner.

As to whether salaries of all commissioners must be the same, it should be noted that the duties of a constable or justice of the peace are more confined to the official's precinct than are the duties of a county commissioner and that therefore payment of different salaries to the former officials might reasonably correspond to some such officials' duties being more extensive than others'. Article V, section 18 of the Texas Constitution grants the county commissioners court "such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State." Section 81.006 of the Local Government Code requires three members of the court to be present for conducting county business except that a county tax may be levied only when at least four members are present. While the commissioners sit as a body in conducting the business of the county, in those counties where commissioners are ex officio road commissioner of their respective precincts, section 3.001(a) of article 6702-1, V.T.C.S., imposes duties on a commissioner for road and bridge construction and maintenance in his precinct. Conceivably, there could be a substantial variance in the responsibilities of the commissioners in connection with their duties as ex officio road commissioner. In such a rare instance it might be urged that a reasonable salary for

one commissioner may differ  from that of another  depending upon a  marked disparity in  these  duties.  In  the  final analysis, as  was  concluded  in Attorney General Opinion JM-770, what constitutes a  reasonable salary is a  question of fact within the discretion of the commissioners court.

In your second question you ask whether a salary can be lowered for  a  county  commissioner.  The  salary  may  be lowered at  the discretion  of  the court.  However,  under section 152.013 of  the Local Government  Code, the  commissioners court is without authority to lower the salary of  a county or precinct officer  until the regular annual  budget hearing.  See Attorney General Opinion JM-839 (1988).

In response to your third question, the salary may  not be lowered to an  amount less than the  amount of salary  in effect on January 1, 1972.  Local Gov't Code § 152.012.

In your fourth question you ask whether a  commissioner may elect to  receive a salary  lower than that  set by  the commissioners court.  Section  151.011  provides  that  the commissioners court shall set the amount of compensation for county and precinct officers.  It is not within the province of a commissioner to determine  that his salary differ  from the amount set by the court.[1]

In your last question you  ask if a commissioner  after receiving his salary  may make  a gift  to the  county of  a portion thereof.

_____

1.  We call attention to  section 152.052 of the  Local Government Code regarding the decision of an official not to be paid.

> (a) If an elected county officer files  an affidavit with the county clerk stating  that the officer  elects not  to be  paid for  the officer's  services,  the  county  payroll officer may  not  issue  a  paycheck  to  the officer.

> (b) After  the  affidavit  is  filed,  the county payroll officer shall take measures to stop payment of a paycheck that was issued to the officer  before the  affidavit was  filed and that has not been presented for payment.

Article XI, section 1 of the Texas Constitution states that counties are legal subdivisions of the state. The Interpretive Commentary notes that since counties are agents of the state, they have no powers except those which are set forth in the constitution and statutes. Id.

In Attorney General Opinion JM-684 (1987), it was stated that "in order that a state agency may accept a gift, it first must be authorized by law to do so; absent such authority, it may not accept gifts or donations."[2]  The Legislature has not seen fit to confer authority upon a county to accept a donation from a county commissioner. Generally, a county is not empowered to exercise any power which is not specifically authorized by the legislature, or which may be reasonably inferred from a specific power. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948).

We presume that all parties are acting in the public interest. Nevertheless, absent an authorization by the legislature permitting an official to donate a portion of his salary to the county, we conclude that a county commissioner may not give a portion of his salary to the county.

### S U M M A R Y

Commissioners courts may prescribe different salaries for the commissioners of different precincts if unusual circumstances in each precinct reasonably require different salaries and each salary is in itself

---

2.   In Attorney General Opinion JM-684, it was noted:

The legislature has explicitly conferred such authority on several state agencies. See e.g., V.T.C.S. arts. 4413d-1 (Office of State-Federal Relations); 4413(32f) (Texas Closeup Board); 4413(35) (Commission on Fire Protection Personnel Standards and Education); 4413(44) (Governor's Commission on Physical Fitness); 4413(47d) (Texas National Research Laboratory Commission); 4413(49) (Criminal Justice Policy Council; Criminal Justice Coordinating Council); 4413(51) (Interagency Council on Sex Offender Treatment).

reasonable. What constitutes a reasonable salary is a question of fact within the discretion of the court. Section 152.012 of the Local Government Code provides that the salary of an official may not be set at an amount lower than the amount of the salary in effect on January 1, 1972. The commissioners court is without authority to lower the salary of a county or precinct officer until the regular annual budget hearing. It is not within the province of an individual commissioner to determine that his salary differ from the amount set by the commissioners court. A county commissioner may not make a donation of a portion of his salary to the county.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General