

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

October 28, 1991

Honorable Gene Green
Chairman
Senate Jurisprudence Committee
P. O. Box 12068, Capitol Station
Austin, Texas 78711

Opinion No. DM-51

Re: Authority of a commissioners court to establish a pay scale for justices of the peace based on the volume of cases filed in their respective courts (RQ-51)

Dear Senator Green:

You have requested our opinion regarding the authority of the Harris County Commissioners Court to establish a pay scale for justices of the peace based on the volume of cases filed in their respective courts. Specifically, you question whether this or any other classification scheme that results in a compensation differential is constitutional. You indicate that justices' salaries are set on the basis of the number of cases filed in each justice court and that there currently exists a difference of nearly $10,000 between the salary of the highest paid and the lowest paid justice in Harris County.

Article XVI, section 61, of the Texas Constitution requires that all justices of the peace be compensated on a salary basis. Section 152.013 of the Local Government Code provides, in pertinent part:

> (a) Each year the commissioners court shall set the salary, expenses, and other allowances of elected county or precinct officers. The commissioners court shall set the items at a regular meeting of the court during the regular budget hearing and adoption proceedings.

Section 152.012 declares that the commissioners court "may not set the salary of a justice of the peace at an amount less than the amount of the salary in effect on May 25, 1973."[1]

In Attorney General Opinion JM-770 (1987), this office considered whether the salary of each constable in a particular county was required to be equal. The opinion concluded that

> the commissioners court may provide for different salaries for constables depending upon the circumstances in each precinct if the circumstances reasonably require different salaries and if each salary is in itself reasonable. The circumstances that may properly be considered relate to what constitutes a reasonable salary.

In Attorney General Opinion JM-1019 (1989), this office addressed the question of whether each county commissioner had to be paid the same salary. The opinion held that only if there were "unusual circumstances" in the different precincts could a salary differential be considered reasonable. The opinion based this conclusion on the fact that, in the usual instance, the various commissioners have more or less equivalent duties. By contrast, it was noted that

> the duties of a constable or justice of the peace are more confined to the official's precinct than are the duties of a county commissioner and . . . therefore payment of different salaries to the former officials might reasonably correspond to some such officials' duties being more extensive than others'.

Both these opinions recognize that there might exist circumstances in which certain precinct officials holding equivalent positions might be compensated in differing amounts. Both emphasize that the specific amount "that constitutes a reasonable salary is a fact question within the discretion of the commissioners court." *See also White v. Commissioners Court of Kimble County*, 705 S.W.2d 322

---

[1]Section 152.014 of the Local Government Code establishes a salary grievance committee in each county, and section 152.016 describes the grievance procedures to be followed by elected county and precinct officers. If the nine-member grievance committee votes unanimously to increase the individual's compensation, the commissioners court is required to grant the increase for the next budget year.

(Tex. App.--San Antonio 1986, no writ). Neither opinion addressed the issue of equal protection under the fourteenth amendment to the United States Constitution, but you have raised it, and we will address it briefly.

The United States Supreme Court has held that if a classification scheme, other than one targeting a suspect class (such as one defined by race or ethnicity) or affecting a fundamental right, has *some* reasonable basis, it does not offend the equal protection clause merely because the classification "is not made with mathematical nicety or because in practice it results in some inequality." *Dandridge v. Williams*, 397 U.S. 471, 485 (1970). Furthermore, such a difference created by statute "will not be set aside if any state of facts reasonably may be conceived to justify it." *Id.* On the other hand, a classification scheme affecting a suspect class or affecting a fundamental right will be subjected to a higher or strict level of scrutiny. In such case, the classification will be held unconstitutional unless the state can show that the scheme serves a compelling state interest that cannot be accomplished by less drastic means. *See Pollard v. Cockrell*, 578 F.2d 1002, 1012 (5th Cir. 1978).

Relying on *Dandridge*, the Supreme Court of West Virginia has upheld salary differentials within a class of county officers. In *State ex rel. West Virginia Magistrates Ass'n v. Gainer*, 332 S.E.2d 814 (W.Va. 1985), the West Virginia court upheld a salary system for county magistrates based on population. The court noted that there was a disparity in judicial functions between the magistrates of small and large counties. As a result, the legislature's basis for the salary classification was not "wholly irrelevant to the achievement of the State's objective" and, therefore, not violative of equal protection. *Id.* at 816, 818. Subsequently, the same court invalidated a scheme whereby the magistrates in five particular counties received greater compensation than those in other counties of roughly equal population. *State ex rel. Longanacre v. Crabtree*, 350 S.E.2d 760 (W.Va. 1986). In reaching this conclusion, the court noted that a "heavier workload" was a relevant factor that could provide a rational basis for a salary differential. *Id.* at 763.

Finally, in *State ex rel. Moody v. Gainer*, 377 S.E.2d 648 (W.Va. 1988), the court again upheld a population-based salary system. The magistrates of the smaller counties had argued that they processed as many cases as their brethren in the larger counties. The court found that this statement was not supported by the evidence, which in fact showed that magistrates in the larger counties handled a case load more than twice that of the magistrates of the smaller counties. It is significant for our purposes that the court never questioned that a case load disparity could properly form the basis for a salary differential. *See also Weissman v. Evans*, 438

N.E.2d 397 (N.Y. 1982) (wage differential between district judges of adjacent counties violates equal protection where the workloads and populations are similar).

In our opinion, application of this test to the situation before us requires the conclusion that a salary differential based on the number of cases filed is not *per se* unreasonable. Of course, as prior opinions have observed, the specific amount that constitutes a reasonable salary "is a fact question within the discretion of the commissioners court." If, as you suggest, the salary differential here in reality targets a suspect class or burdens a fundamental right, a court applying the strict scrutiny test of equal protection law would almost certainly deem it unconstitutional.[2]

## SUMMARY

A pay scale differential for justices of the peace in the same county, based on the number of cases filed in each court, does not, on its face, violate the equal protection clause of the fourteenth amendment to the United States Constitution. If, however, the case load scheme is merely a facade to mask an unconstitutional classification, it would fail to meet constitutional standards. These considerations require the resolution of fact questions that cannot appropriately be made in the opinion process.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[2]We cannot imagine an argument that such a classification in this context serves a compelling state interest.

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General