**Reversed and Rendered in Part, Reversed and Remanded in Part, and Affirmed in Part, and Opinion Filed June 24, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00675-CV**

**ACCENT BUILDERS, INC., Appellant**
**V.**
**R.A. SESSION II AND LILY TEKLU, Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-07492**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Partida-Kipness

Appellant Accent Builders, Inc. (Accent) sued Appellees R.A. Session, II and Lily Teklu (together, Teklu) for breach of contract related to Accent's construction work on Teklu's residence. After Teklu failed to appear at trial, Accent secured a favorable judgment. In this appeal, Accent raises five issues, asserting the trial court erred in refusing to award: (1) attorney's fees through trial; (2) pre-judgment interest; (3) post-judgment interest; (4) costs; and (5) attorney's fees on a motion for new trial. We reverse and render in part, reverse and remand in part, and affirm in part.

## BACKGROUND

In November 2021, Accent and Teklu entered an agreement for Accent to perform renovations to Teklu's real property in Dallas, Texas. The initial project price was approximately $62,000. The scope of the work and price were memorialized in a written sales agreement. Teklu authorized the work and made an initial deposit, and Accent began the renovations. As the project progressed, Teklu requested numerous changes which substantially increased the project price to over $100,000. Each of these change requests and the associated costs were memorialized in writing. Teklu made a few additional progress payments but began falling behind in January 2022. Accent substantially completed the project and demanded payment several times from January through April 2022.

After Teklu did not respond to Accent's demands, Accent filed suit in July 2022. Accent's theories of recovery included breach of contract and suit a sworn account. Accent sought approximately $25,000 in damages for the unpaid balance on Teklu's account, plus attorney's fees, costs, and pre- and post-judgment interest. Teklu filed a general denial.

The case proceeded to trial on May 2, 2023. However, Teklu and counsel did not appear. Accent put on evidence in support of the contract, Accent's damages, and attorney's fees. The trial court entered judgment on May 2, 2023, awarding Accent $25,355.31 in damages. However, the trial court struck Accent's request for

trial attorney's fees, costs, and pre- and post-judgment interest. The judgment awarded some conditional appellate attorney's fees.

Accent filed a motion to reform the judgment, asserting its entitlement to attorney's fees, interest, and costs. The motion was set for submission but ultimately overruled by operation of law. Accent timely appealed.

## STANDARDS OF REVIEW

In this appeal, Accent complains of the trial court's refusal to award attorney's fees, pre- and post-judgment interest, and costs. We review each of these issues for an abuse of discretion. *R.J. Suarez Enterprises Inc. v. PNYX L.P.*, 380 S.W.3d 238, 248–49 (Tex. App.—Dallas 2012, no pet.) (attorney's fees); *DeGroot v. DeGroot*, 369 S.W.3d 918, 926 (Tex. App.—Dallas 2012, no pet.) (pre- and post-judgment interest); *Mitchell v. Bank of Am., N.A.*, 156 S.W.3d 622, 630 (Tex. App.—Dallas 2004, pet denied) (costs). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011) (citations omitted). A trial court also abuses its discretion by failing to analyze or apply the law correctly. *Id.*

## ANALYSIS

### I.    Attorney's Fees

In its first issue, Accent asserts the trial court abused its discretion in failing to award attorney's fees at trial. In its fifth issue, Accent contends the trial court

abused its discretion by excluding recovery of attorney's fees for Accent's prevailing on a motion for new trial. We address these attorney's fees issues together.

## A. Attorney's fees generally

A party may recover reasonable attorney's fees on a claim based on a sworn account or oral or written contract. TEX. CIV. PRAC. & REM. CODE § 38.001(b). To recover attorney's fees under Section 38.001, a party must prevail on the underlying claim and recover damages. *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015) (citing *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009)).

Generally, an appellate court reviews a trial court's decision to award attorney's fees for an abuse of discretion. *R.J. Suarez Enterprises Inc. v. PNYX L.P.*, 380 S.W.3d 238, 248–49 (Tex. App.—Dallas 2012, no pet.). However, under Section 38.001 of the Civil Practice and Remedies Code, the trial court has no discretion to deny attorney's fees when presented with evidence of the same. *Ventling*, 466 S.W.3d at 154. Chapter 38 "shall be liberally construed to promote its underlying purpose." *Id.* at 155 (quoting TEX. CIV. PRAC. & REM. CODE § 38.005). This purpose is to "encourage contracting parties to pay their just debts and discourage…vexatious, time-consuming and unnecessary litigation." *Id.* (quoting *Gates v. City of Dallas*, 704 S.W.2d 737, 740 (Tex. 1986)). Toward that same purpose, "if trial attorney's fees are mandatory under section 38.001, then appellate

attorney's fees are also mandatory when proof of reasonable fees is presented." *Ventling*, 466 S.W.3d at 154.

### B. Sufficiency of evidence to support attorney's fees

A claimant seeking an award of attorney's fees must prove the attorney's reasonable hours worked and reasonable rate by presenting sufficient evidence to support the fee award sought. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 501–02 (Tex. 2019) (citations omitted). General, conclusory testimony devoid of any real substance will not support a fee award. *Id.* at 501. Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *Id.* at 502. Contemporaneous billing records are not required to prove the requested fees are reasonable and necessary. *Id.* However, billing records are strongly encouraged to prove the reasonableness and necessity of requested fees when those elements are contested. *Id.* Regardless, the proof must be sufficient to permit a court "to perform a meaningful review of [the] fee application." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 764 (Tex. 2012).

An award of conditional appellate attorney's fees is essentially an award of fees that have not yet been incurred and that the party is not entitled to recover unless and until the appeal is resolved in that party's favor. *Ventling*, 466 S.W.3d at 156.

At the point when such fees are awarded by the trial court, any appeal is still hypothetical. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020). There is no certainty regarding who will represent the appellee in the appellate courts, what counsel's hourly rate(s) will be, or what services will be necessary to ensure appropriate representation in light of the issues. *Id.* Nonetheless, a party seeking to recover contingent appellate fees should provide opinion testimony about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services. *Id.*

## C. Application to the facts

Accent asserted a breach of contract claim against Teklu and pleaded a suit on a sworn account.[1] Accent prevailed on its contract claim and thus was entitled to an award of reasonable attorney's fees under Section 38.001 of the Civil Practice and Remedies Code if Accent presented sufficient evidence of the same. *See* TEX. CIV. PRAC. & REM. CODE § 38.001(b); *Ventling*, 466 S.W.3d at 154.

---

[1] A suit on sworn account is not an independent cause of action; it is a procedural rule for proof of certain types of contractual (account) claims. *Sanders v. Total Heat & Air, Inc.*, 248 S.W.3d 907, 914 (Tex. App.—Dallas 2008) (citing TEX. R. CIV. P. 185; *Rizk v. Financial Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex. 1979) ("Rule 185 is not a rule of substantive law but is a rule of procedure with regard to evidence necessary to establish a prima facie right of recovery.")).

### 1) Trial attorney's fees

In issue one, Accent complains of the trial court's failure to award attorney's fees through trial. Accent sought $9,750 in attorney's fees through trial. In support of its attorney fee request, Accent submitted the declaration of attorney Brian Erikson as a trial exhibit. In his declaration, Erikson explained his legal education and background and that he billed Accent at $300.00 per hour, a rate he asserted was reasonable based on the relevant factors. Erikson further stated he performed 32.5 hours of work on the case.

However, Erikson provided little detail on the particular services performed. Erikson generally states Accent incurred fees for "professional services, in connection with prosecuting claims against the Defendants." Erikson attached to his declaration an "Attorney's Fees Recap" which shows amounts charged by date, along with the hours worked. However, as in the declaration, the entries lack any specifics, stating only "services through" each particular timeframe. The only entries in the declaration and recap that provide any semblance of detail are Erikson's statements: "During April and May 2023, there was a significant amount of legal services, including, without limitation, preparation for trial at significant legal expense" and "preparation & attendance at trial." Erikson stated at trial that his

billing statements were attached to his declaration, but they do not appear in the trial record.[2]

Erikson's declaration and fee recap lack the detail required by the supreme court. Accordingly, Accent presented legally insufficient evidence to support the requested fee award. *Rohrmoos Venture*, 578 S.W.3d at 501; *Ferrant v. Lewis Brisbois Bisgaard & Smith, L.L.P.*, No. 05-19-01552-CV, 2021 WL 2963748, at *6 (Tex. App.—Dallas July 14, 2021, no pet.) (mem. op.) (law firm presented legally insufficient evidence to support fee award where firm offered no testimony or documentary evidence of the specific tasks performed by attorneys and staff or the amount of time spent on specific tasks).

However, Accent is entitled to recover attorney's fees under Section 38.001 of the Civil Practice and Remedies Code and provided *some* evidence legal services were required to prosecute its claims. *See* TEX. CIV. PRAC. & REM. CODE § 38.001; *Rohrmoos Venture*, 578 S.W.3d at 505-06; *Ventling*, 466 S.W.3d at 154. Accordingly, the trial court abused its discretion in refusing to award Accent any of its attorney's fees through trial. We sustain Accent's first issue.

---

[2] Accent later attached some of Erikson's billing records to Accent's motion to reform the judgment. However, reviewing courts generally do not consider documents attached to post-trial motions but which were not offered into evidence or before the court at the time of the ruling. *See Meritage Homes of Texas, L.L.C. v. Ruan*, No. 05-13-00831-CV, 2014 WL 4558772, at *6 (Tex. App.—Dallas Sept. 16, 2014, pet. denied) (mem. op.) (refusing to consider evidence not on file at the time of the trial court's hearing); *El Paso Field Servs. Mgmt., Inc. v. Lopez*, No. 01–07–00999–CV, 2010 WL 2133885, at *5 n. 6 (Tex. App.—Houston [1st Dist.], no pet.) (mem. op.) (refusing to consider evidence attached to motion to modify judgment that was not admitted during hearing on motion).

When the record lacks the requisite details to support a requested fee award, the appropriate remedy is a remand for further proceedings on the attorney fee request. *Rohrmoos Venture*, 578 S.W.3d at 506; *In re S.W.*, No. 05-20-00582-CV, 2022 WL 2071110, at *3 (Tex. App.—Dallas June 9, 2022, no pet.) (mem. op.) (remanding to trial court for further proceedings on request for attorney's fees where attorney provided some evidence of hourly rates and hours worked on case but did not provide sufficient evidence of the particular services performed, who performed the services, when the services were performed, and a reasonable amount of time required to perform the services); *Ferrant*, 2021 WL 2963748, at *6 (same). Accordingly, we remand to the trial court for a redetermination of Accent's attorney's fees through trial. *Rohrmoos Venture*, 578 S.W.3d at 506.

### 2) Motion for new trial attorney's fees

In issue five, Accent asserts the trial court abused its discretion in excluding recovery of attorney's fees for Accent prevailing on a motion for new trial.

While both motions are sufficient to extend the trial court's plenary power, a motion for new trial and a motion to reform are distinct and separate motions. *See White v. Commissioners Ct. of Kimble Cnty.*, 705 S.W.2d 322, 324 (Tex. App.—San Antonio 1986, no writ).

Here, line items on Accent's proposed final judgment requested attorney's fees of $3,000 for "post-trial motions filed in this case," and $5,000 for a "motion for new trial or bill of review," both conditioned on Accent prevailing on the

–9–

motions. The trial court struck through these proposed awards. However, the record does not reflect Accent filed a motion for new trial, only a motion to reform the judgment. As we have stated, these motions are distinct, and Accent does not complain about the trial court's failure to award attorney's fees based on the motion to reform. Accent did not file or prevail on a motion for new trial. Accordingly, the record does not support an abuse of discretion by the trial court in refusing to award attorney's fees for a motion for new trial.[3] We overrule Accent's fifth issue and affirm the judgment with respect to the post-trial and conditional attorney's fees awarded by the trial court.

## II.    Pre-judgment Interest

In issue two, Accent argues the trial court improperly excluded recovery of pre-judgment interest. We agree.

A party may recover pre-judgment interest where it is provided for in a contract, statute, or the common law. *de la Garza v. de la Garza*, 185 S.W.3d 924, 927 (Tex. App.—Dallas 2006, no pet.). "Prejudgment interest is compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment." *Ventling*, 466 S.W.3d at 153 (quoting *Johnson & Higgins of Tex., Inc. v. Kenneco*

---

[3]    We also note Accent did not provide evidence to support its request of $5,000 for a successful motion for new trial. In his declaration, Erikson stated a reasonable fee for "post-trial motions in this case" would be $3,000." However, he did not include a separate statement regarding a reasonable fee for a motion for new trial in the same manner requested in the proposed judgment.

*Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998)). Pre-judgment interest accrues from the earlier of (1) 180 days after the date a defendant receives written notice of a claim or (2) the date suit is filed and runs until the day before the judgment. *Id.* at 149. It is computed as simple interest. *Id.*

Here, the Accent contract stated:

3. All invoices submitted by Company to the Customer for the Project are due immediately upon receiving a pay request of value of work completed. Any invoices not paid by Customer to Company within thirty days are considered past due. Interest and finance charges on any amounts past due will be charged at the maximum allowable by law, or at 18% per annum whichever is less.

4. Should default be made in payment of this contract, charges shall be added from date thereof at the maximum allowable by law, or at 18% per annum whichever is less and if placed in the hands of an attorney for collection, all attorney's fees, and legal filing fees shall be paid by Customer accepting said contract.

Accent submitted evidence of the contract, past due invoices, Accent's demands for payment, and Teklu's ultimate default. Accent secured a money judgment against Teklu, and the contract with Teklu set an eighteen percent interest rate as interest finances charges for any amounts past due or in the event of payment default. We conclude the parties agreed to a rate of eighteen percent for pre-judgment interest. *See DeBoer v. Attebury Grain, LLC*, 684 S.W.3d 520, 529–30 (Tex. App.—Eastland 2024, no pet.) (contract language "buyer agrees to pay a finance charge at the rate of 18% per annum (1.5% per month) on any balance remaining unpaid after the 30th day following invoice date" supported eighteen percent pre-judgment interest award). In the absence of any contrary evidence from

–11–

Teklu, the trial court had no basis to refuse to include pre-judgment interest in the judgment. Accordingly, the trial court abused its discretion in refusing to include pre-judgment interest at the annual rate of eighteen percent in the final judgment.

The record reflects Teklu received written notice of Accent's claim on April 23, 2022, making October 20, 2022 the 180th day after the notice. However, Accent filed suit on July 5, 2022. Accordingly, pre-judgment interest ran from July 5, 2022 (the day Accent filed suit) until May 1, 2023 (the day before the trial court's judgment). *See Ventling*, 466 S.W.3d at 149. Accent is entitled to $3,761.14 in pre-judgment interest.[4]

Accordingly, we sustain Accent's second issue, reverse the portion of the trial court's judgment refusing to award pre-judgment interest, and render judgment awarding Accent $3,761.14 in pre-judgment interest.

## III. Post-judgment Interest

In issue three, Accent contends the trial court erred in failing to include post-judgment interest in the judgment. We agree.

A money judgment earns post-judgment interest at a rate set by statute. *Id.*; *See* TEX. FIN. CODE §§ 304.001–.003. Interest on a money judgment accrues automatically and is recoverable even if not specifically awarded in the judgment. *Bluestone Res., Inc. v. First Nat'l Cap., LLC*, 644 S.W.3d 815, 817 (Tex. App.—

---

[4] $25,355.41 (damages) x 0.18 (pre-judgment interest rate) divided by 365.25 days per year x 301 days (from July 5, 2022 to May 1, 2023).

Dallas 2022, pet. dism'd) (citing *DeGroot*, 369 S.W.3d at 926-27); *see also Waste Mgmt. of Texas, Inc. v. Texas Disposal Sys. Landfill, Inc.*, No. 03-10-00826-CV, 2014 WL 6705741, at \*2 (Tex. App.—Austin Nov. 14, 2014, no pet.) (mem. op.) ("Under the Finance Code, post-judgment interest is *mandatory* for every money judgment awarded by a court.") (emphasis added). Post-judgment interest is simply compensation for a judgment creditor's lost opportunity to invest the money awarded as damages at trial. *Miga v. Jensen*, 96 S.W.3d 207, 212 (Tex. 2002).

A money judgment of a court on a contract that provides for interest or time-price differential earns post-judgment interest at a rate equal to the lesser of (1) the rate specified in the contract, or (2) eighteen percent a year. TEX. FIN. CODE § 304.002. Post-judgment interest begins accruing on the date the judgment is rendered and ends on the date the judgment is satisfied. *Id.* § 304.005(a). We review the trial court's decision regarding the assessment of post-judgment interest for an abuse of discretion. *DeGroot*, 369 S.W.3d at 926.

Accent secured a money judgment against Teklu. As described above, Accent's contract with Teklu set an eighteen percent interest rate on past due invoices and in the event of payment default. In the absence of any challenge or controverting evidence by Teklu, the trial court had no basis to refuse to include post-judgment interest at that rate in the judgment. Accordingly, the trial court abused its discretion in refusing to include post-judgment interest in the final judgment. *See* TEX. FIN. CODE §§ 304.001–.002 (permitting contracts to set post-

judgment interest rate up to eighteen percent annually); *DeGroot*, 369 S.W.3d at 927. We sustain Accent's third issue.

We must now determine the proper accrual date for post-judgment interest. Post-judgment interest on the damages, pre-judgment interest, and court costs began accruing on May 2, 2023 (the date of the original judgment). However, our determination the record lacks sufficient evidence to support a determination of Accent's recoverable trial attorney's fees and our order for remand means the trial court will be required to reopen the record. Post-judgment interest on the trial court's re-determined trial attorney's fee award should accrue from the date of the trial court's new final judgment. *See Ventling*, 466 S.W.3d at 152. Post-judgment interest on the award of attorney's fees for the appeal to this Court accrue from the date of this opinion and judgment. *Id.* at 156.

## IV. Costs

In its fourth issue, Accent asserts the trial court improperly excluded recovery of court costs. We agree.

Rule 131 provides "[t]he successful party to a suit shall recover of his adversary all costs incurred herein, except where otherwise provided." TEX. R. CIV. P. 131. "Generally, a successful party to a suit is entitled to recover its court costs and fees incurred during the lawsuit." *Blaylock v. Holland*, No. 05-13-01197-CV, 2014 WL 3736210, at *4 (Tex. App.—Dallas July 14, 2014, no pet.) (mem. op.). A "successful party" is "one who obtains judgment of a competent court vindicating a

–14–

civil right or claim." *Richman Trusts v. Time*, No. 05-22-00445-CV, 2024 WL 510339, at \*18 (Tex. App.—Dallas Feb. 9, 2024, no pet.) (mem. op.) (quoting *Fortitude Energy, LLC v. Sooner Pipe LLC*, 564 S.W.3d 167, 189–90 (Tex. App.—Houston [1st Dist.] 2018, no pet.)).

Taxing costs against a successful party generally contravenes Rule 131. *Sparks v. Booth*, 232 S.W.3d 853, 872 (Tex. App.—Dallas 2007, no pet.) (citing *Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 376 (Tex. 2001)). Under Rule 141, a trial court "may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules." TEX. R. CIV. P. 141. Rule 141 has two requirements: (1) there must be good cause; and (2) it must be stated on the record. *Sparks*, 232 S.W.3d at 872. "Good cause" is an elusive concept that varies from case to case. *Id.* (citations omitted). Under Rule 141, the trial court may state good cause in a written order or judgment, or orally in a hearing. *Id.* A trial court's failure to state on the record a finding of good cause to vary from Rule 131 constitutes an abuse of discretion. *Id.* A trial court also abuses its discretion when its judgment does not assess costs or state any basis for varying from Rule 131. *Id.* (citations omitted). Accordingly, we review a trial court's award of costs for abuse of discretion. *Mitchell*, 156 S.W.3d at 630.

Here, there is no dispute Accent is the "successful party." Teklu failed to appear at trial and Accent secured a judgment wholly in its favor. However, the trial court refused to award Accent its costs. There is no finding of "good cause" in the

–15–

record for denying Accent its court costs. The record does not state any basis for the lack of award. Accordingly, we conclude the trial court abused its discretion when it failed to award Accent its costs. TEX. R. CIV. P. 131; *Sparks*, 232 S.W.3d at 872. We sustain Accent's fourth issue.

**CONCLUSION**

The trial court abused its discretion in refusing to award Accent attorney's fees through trial, where Accent prevailed on its breach of contract claim. However, Accent did not offer sufficient evidence to support the requested fee award, and remand is appropriate for further consideration. The trial court did not abuse its discretion in refusing to award Accent its attorney's fees for a motion for new trial because Accent did not file a motion for new trial. The trial court abused its discretion in refusing to award Accent pre- and post-judgment interest at eighteen percent annually as agreed by the parties. Finally, the trial court abused its discretion in refusing to award Accent its costs as the prevailing party.

Accordingly, we reverse that portion of the trial court's judgment refusing to award Accent attorney's fees through trial, render judgment Accent is entitled to such fees, and remand for a determination of those fees, consistent with this opinion. We reverse the portion of the judgment refusing to award Accent pre-judgment interest and render judgment awarding Accent $3,761.14 in pre-judgment interest. We reverse that portion of the judgment refusing to award Accent its post-judgment interest and render judgment awarding Accent post-judgment interest at a rate of

–16–

eighteen percent per year. We reverse the portion of the judgment refusing to award costs and render judgment awarding Accent its court costs. We otherwise affirm the trial court's judgment.

/Robbie Partida-Kipness/

ROBBIE PARTIDA-KIPNESS
JUSTICE

230675F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ACCENT BUILDERS, INC.,
Appellant

No. 05-23-00675-CV      V.

R.A. SESSION II AND LILY
TEKLU, Appellees

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-07492.
Opinion delivered by Justice Partida-
Kipness. Justices Pedersen, III and
Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part.

We **REVERSE** that portion of the trial court's judgment refusing to award Accent attorney's fees through trial, **RENDER** judgment Accent is entitled to such fees, and **REMAND** for a determination of those fees, consistent with this Court's opinion.

We **REVERSE** the portion of the judgment refusing to award Accent pre-judgment interest and **RENDER** judgment awarding Accent $3,761.14 in pre-judgment interest.

We **REVERSE** that portion of the judgment refusing to award Accent its post-judgment interest and **RENDER** judgment awarding Accent post-judgment interest at a rate of eighteen percent per year.

We **REVERSE** the portion of the judgment refusing to award costs and **RENDER** judgment awarding Accent its court costs.

In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this Court's opinion.

It is **ORDERED** that appellant ACCENT BUILDERS, INC. recover its costs of this appeal from appellees R.A. SESSION II AND LILY TEKLU.


Judgment entered this 24th day of June, 2024.